Skinner & al.    *Young & Paddock*, for plaintiffs.
*vs.*
McDaniel & al    *Sawyer*, for defendants.

---

OTIS THOMPSON VS. WILLIAM ARMS.

The Court, in examining the proceedings of the County Court, sit as a Court of Error; and can only examine the record.

Reports of auditors must present all the questions of law, by them decided, which the parties require to have examined by the Court on accepting or rejecting the report.

No affidavits or statements of auditors, not incorporated in their report, can be heard in objection to accepting the same, unless it be to shew misconduct in the auditors, or that they refused to state the facts, so as to present the questions of law, or for the purpose of shewing new discovered evidence,

The determination which the County Court makes on affidavits used for the purpose aforesaid, is not subject to be re-examined by this Court.

When the County Court have accepted the report of auditors, the Court will not remand the cause to them to enable the party to move that Court to recommit the same to auditors, especially in a case where the sum is small, and there was evidence on both sides.

This was an action on book, commenced in the County Court, where a judgement to account was rendered, and auditors appointed, who made a special report of a small sum in favor of the plaintiff. The report was accompanied by a statement of one of the auditors expressing a different opinion upon the facts, from that of the majority of the board. It was also accompanied with an affidavit of the defendant's attorney, who coincided with the dissenting auditor in relation to the weight of testimony. A reference to the opinion of the Court will make any further statement of the case here unnecessary.

The defendant made several objections to the report; but the report was accepted. ' Exceptions being taken by the plaintiff and allowed by the Court, the case comes here for revision.

*After argument*, the opinion of the Court was delivered by WILLIAMS, J.—This is an action on book. After judgement to account, it was referred to auditors to take the account, who reported in favor of the plaintiff, and made a

Orleans.
March,
1833.

Thompson
vs.
Arms.

special report.  Objections were made to the report by the defendant; but the County Court accepted the same, and on exceptions taken to the judgement of the County Court, the cause has come before us.

The Court, in reviewing the proceedings of the County Court, set as a Court of Errors; and the only enquiry which can be, is, whether the County Court erred on any question of law before them.  This can only be ascertained by an examination of the records.  It is wholly useless to bring before us affidavits or statements from one or more of the auditors, as they cannot be taken into consideration.  The report of the auditors must contain all the questions of law arising before them and upon them.  The County Court make their determination, and it is that determination which we are to review.  The County Court should never hear any objections to reports of auditors founded upon affidavits or statements not incorporated into the reports, unless to show misconduct in the auditors, or to show new discovered evidence as a ground for a new trial; and for this reason, that their determination, founded on such statements or affidavits, cannot be examined by the supreme tribunal. If any question of law arises in the course of investigation before auditors—if they receive or reject testimony improrerly,—in short, if they determine any question of law in the course of the trial, which the parties wish to have reviewed by the Court who appointed them, those questions must be stated by the auditors in their report, so as to become a part of the record.  Then the Court who appointed them can ascertain whether they have misjudged; and a Court of Errors can also determine whether the Court who accepted the report made any mistake in judgement.

On all questions of fact, the auditors are the sole judges: and their determinations on questions of fact, are not to be rejudged by the Court.  As the auditors are the judges of the weight of testimony, and as their decision upon the testimony cannot be made the ground of exceptions to the report, it is useless to incumber the report with a statement of facts, unless for the purpose of bringing up some question of law arising out of the facts; and it is still more useless to present to the Court, who are to accept or reject their report, statements of one or more of the auditors or

*Orleans,*
*March,*
*1833.*

Thompson
*vs.*
Arms.

affidavits, which are not by the auditors made part of the report.

If the auditors refuse to state questions of law on which they decide,—if they refuse to state on what ground they made any determination, so that it cannot be ascertained whether it was upon a question of fact or of law ; or if they act improperly, this may be a ground of exception to their report to be verified by affidavit, and the Court who appointed them can thus set aside their report. But the determination of the Court upon such such affidavits, would, in that case, be final, and could not be re-examined in a Court of Error. Except for this, or some similar purpose, no affidavits should ever be received in opposition to a report of auditors.

This view of the law disposes of the case now before us. It appears that the plaintiff charged a quantity of coal.— The auditors found that all but a small quantity was delivered to the plaintiff as payment either in whole or part of a certain contract which one Chase had made with the plaintiff ; of course they disallowed that charge. The auditors found that a small quantity of the coal had been delivered by the plaintiff to the defendant, for which he was to receive a scythe, which he had not received ; and for the value of this, they find the defendant indebted to the plaintiff. In all this they determined upon the weight of testimony, and upon that, their determination was final.

A motion is now made by the plaintiff to remand this cause to the County Court ; but we see no reason for this. If this judgement ought to be reversed, we must reverse it, and appoint auditors to determine this controversy. If we send it back to the County Court, their judgement ought to be the same as it was before, to wit, they must accept the report. We have no reason to believe that the County Court would send this subject again to auditors. The amount in controversy alone would forbid that course. The sum in controversy is too small to be the subject of a protracted litigation. As a matter of favor, we should not be disposed, if it was practicable, to remand this cause to the County Court. Upon this motion, however, we have examined all the papers, and have no reason to believe that the auditors made any mistake. They rejected evidence of the

contract of Chase, it is true; but they found some part of the plaintiff's charges were for coal delivered on that contract, and therefore disallowed them; and the contract had no connexion with the charges which they did allow. It is true the auditors did not agree in relation to the facts.— A majority thought certain facts were proved—the other auditor thought they were not: and the attorney coincides in opinion with the auditor who dissented; but who can say, that the same, or another set of auditors, might not again disagree, or that they would come to a different conclusion. The manner in which these facts and testimony are presented to us by the report of a majority of the auditors, two additional reports or statements from the one who disagreed with them, and the affidavit of the defendant's attorney, show how utterly unsafe and improper it would be to decide upon any question presented in this manner. We can see no purpose to be answered by remanding this to the County Court.

The judgement of the County Court must be affirmed.

*Marsh & Leslie*, for plaintiff.

*Redfield*, for defendant.