# FRANKLIN COUNTY.

## January Term, 1842.

Present, Hon. STEPHEN ROYCE,
     "    JACOB COLLAMER,
     "    ISAAC F. REDFIELD,    *Assistant Justices.*
     "    MILO L. BENNETT,

AMBROSE CHASE, by his guardian, JONATHAN CHASE, *v.* IRA S. SCOTT.

If an action be brought against several defendants, one of whom is an infant, and the case is tried without the appearance of any guardian for the infant, and appealed to the county court, and judgment there affirmed, in the same manner, and execution issued, it affords no ground of *audita querela.*

The appropriate remedy in such case is by writ of error.

AUDITA QUERELA to set aside a judgment of the county court for Franklin county, and an execution issued thereon, in favor of this defendant against this complainant and others. The complainant alleged that he and others were attached to answer to this defendant, before a justice of the peace; that he was an infant under the age of twenty-one years; that, on the hearing of the case before said justice, the complainant did not appear in person, nor by guardian, and that no guardian *ad litem* was, by said justice, appointed to appear for him; that a judgment was rendered by said justice against this complainant and his co-defendants, and that the said case went into the county court for said Franklin county

by appeal from such judgment of said justice; that the complainant, being still an infant, did not appear at said county court either in person or by guardian, and that no guardian was appointed for him by said county court; that said justice's judgment was affirmed by said county court, with interest and additional costs, and that this complainant was now threatened with arrest on an execution issued from said county court upon said judgment.

The defendant demurred to the complaint, which was by the county court adjudged to be sufficient, and the defendant excepted.

*Stevens & Seymour* for the defendant.

I. All the parties to the judgment, sought to be vacated, should have been made parties to this proceeding. *Gleason v. Peck, et al.* 12 Vt. R. 59. Tidd's Prac. 1055. Bac. Abr. vol. 4. (F.) 21.

II. This is not the proper remedy. Rev. Stat. 211. 1 Vt. R. 438 & 499. 14 Mass. R. 443. *Suttons* v. *Tyrrell*, 10 Vt. R. 87. 11 Vt. R. 244. 12 Vt. R. 482.

*H. E. Hubbell* for complainant.

The declaration in this case was drawn after and intended to be in substance the same as the one in the case of *Bailey v. Hall*, decided by this court January Term, 1839.

As to the objection that the suit is not brought in the name of all the original defendants, it would seem to be preposterous, inasmuch as the present plaintiff is the only one who has any legal cause of complaint.

The opinion of the court was delivered by

REDFIELD, J.—It would seem from the case of *Corbett* v. *Barnes*, Cro. Ch. 443, that, in *audita querela*, all the parties to the judgment should properly join, whenever the defect or irregularity, complained of, goes to the foundation of the judgment or affects the interest of all. In regard to writs of error, too, it is well settled that if one bring the writ, it must be done in the name of all the parties to the original judgment, and an opportunity must be given to all to join in assigning errors, but those who decline thus to join, upon proper summons, will be severed, and the writ proceed in the

name and behalf of those who do join. *Jaques* v. *Cesar*, 2 Saund. R. 101, e. (n. 1.) See also *Crumwell* v. *Andrews*, Yelverton's R. 4–7. *Shepherd & Bailey* v. *Orchard*, 6 Mod. 40. But in a case like the present, where the gist of the complaint goes only to one of the defendants, and the judgment is admitted to be good as to the others, we see no objection to the writ being brought in the name of him for whose benefit it is instituted.

But we think this action cannot be maintained. It is brought to vacate, as to this plaintiff, at least, a judgment of a court of record, or perhaps only to set aside the execution, and the only ground of the complaint is that the judgment was rendered against this plaintiff by default, he being an infant, without the appointment or the appearance of any guardian. This is no doubt good ground of writ of error, and as the judgment is joint it is said it will be reversed as to all. 2 Saund. R. 212 n. 4. It seems to be now settled that an infant executor shall join with his co-executors of full age, and may appear by attorney, which they may appoint for him, and that a defendant cannot take advantage of the appearance of an infant plaintiff by attorney, when judgment is in favor of the infant. *Foxwist, et al.* v. *Tremaine*, 2 Saund. 212. *Bird* v. *Pegg*, 5 B. & A. 418. But this qualification of the rule has not extended to the case of infant defendants. But no case can be found where, at the common law, a remedy has been afforded in such case by *audita querela*. The only case at all analogous to this, is where recognizances by statute staple and statute merchant, which were entered into by infants, have been set aside by this process, as being the only remedy which could afford relief. And in analogy to this, perhaps, by a long course of decisions in this court, judgments of justices of the peace have been for this reason set aside upon *audita querela*. Those cases at first proceeded, it it believed, upon some supposed grounds of urgent necessity ; and finally the precedents became so numerous that they could not well be disregarded unless for the sake of correcting some manifest wrong. The present case, however, stands upon wholly different grounds.— There are no precedents in favor of the plaintiff. He has an ample remedy by writ of error, and one far more appropriate to the purposes of justice, as in that way the error might be

corrected without destroying the action. We do not, therefore, feel called upon to extend so desperate a remedy to such a case as the present. What is said in the declaration of the cause not being appealed by the plaintiff from the judgment of the justice, we do not think varies the case, for if appealed by attorney it would but be a ground of error, the same as appearing, or pleading by attorney, and it does not appear this case was not *contract,* in which the *other* defendants would have the *right* to appeal, and thus bring up the whole case even against the will of the plaintiff. So that in either event the case is made no stronger for the plaintiff.

Judgment reversed and judgment that the declaration is insufficient.

Note by REDFIELD, J.—Since writing out my opinion for the reporter in this case, the case of *Mason & Hale* v. *Denison & Denison,* 15 Wendell, 64, has fallen in my way. It is there held that if one of two defendants, or joint debtors, against whom judgment is rendered, without assigning a guardian, *ad litem,* be an infant at the time, it cannot be assigned, as a ground of maintaining a writ of error, for error in fact. But in numerous English cases, of recent date, the general doctrine is held that, if an infant appear by attorney, or by *prochein amy,* it is error. *Castlemain* v. *Mundy,* 24 Eng. C. L. 30. 4 B. & Adolph. 90.