### JEREMIAH TITLEMORE *v.* JONATHAN WAINWRIGHT.

When a judgment is obtained against two, which is fraudulent as to one, both must join in bringing an *audita querela* to vacate such judgment, notwithstanding one of the defendants was party to the fraud.

It seems that *audita querela* will not lie to vacate a judgment, when the cause alleged is the fraud and misconduct of the justice, by whom the judgment was rendered.

AUDITA QUERELA.  The complaint alleged that the defendant had commenced an action against the plaintiff and one Stinehour, on a note in which said Stinehour was principal and the plaintiff surety ; that on the return day of the writ the parties appeared, and the case was continued to a day fixed ; that before that day arrived, the justice, without the knowledge of the plaintiff, and by the procurement of the defendant, and in pursuance of a fraudulent agreement between the defendant and Stinehour, took up the case, and entered up judgment, and issued execution thereon against the plaintiff and said Stinehour ; and that the property of the plaintiff had been seized on the execution ; and prayed that the judgment might be vacated.  To this complaint the defendant demurred.

The county court rendered judgment for the plaintiff.  Exceptions by defendant.

*Stevens & Seymour* for defendant.

The judgment rendered in favor of Wainwright is entire, and, if vacated, must be so as to both defendants.  The irregularity complained of goes to the foundation of the judgment, and all the parties to the judgment should have been joined in the *audita querela.*  14 Vt. 79.  12 Johns. 434.  14 Johns. 417.  8 Cow. 406.  1 Cow. 245.  12 T. R. 59.  9 Wend. 437.  6 Johns. 296.  13 Vt. 112.

————  ———— for plaintiff.

The agreement set forth in the complaint was a fraud upon Titlemore, and there was no necessity of joining Stinehour, the other defendant, in the *audita querela.*  He was a party to the agreement, and would not be entitled to relief ; as against him, the judgment

might, an'd indeed ought to be treated as a judgment by confession, and he of course would be bound by it. This suit is not instituted for his benefit. *Chase* v. *Scott*, 14 Vt. 77. *Bracket* v. *Winslow*, 17 Mass. 153.

Though it is necessary that the parties to the record should be parties to the *audita querela*, yet it is not necessary that *all* the parties to the record should join in the *audita querela*. It is sufficient if all are joined, who are injured by the judgment. *Clark* v. *Freeman*, 5 Vt. 122. *Scott* v. *Larkin*, 13 Vt. 112. The party aggrieved must have his writ against the wrong doer, who is oppressing him with his execution. In this case Stinehour has no cause of complaint, and if he had, he could not come into court to avoid his own act. The *audita querela* does not lie against him, for no redress can be recovered of him in this action. But Wainwright was also a party to the fraudulent agreement, and is the only party who is now injuring the complainant by seizing his property; as against him, this action is perfectly adapted to obtain the proper redress,—viz. relief against his execution, and the damage he has recovered. *Alford* v. *Tatnell*, 1 Mod. 170, cited in 2 Petersd. Ab. 515.

The opinion of the court was delivered by

WILLIAMS, Ch. J. The complaint in this case sets forth either fraud or misconduct of the court rendering the judgment. By the rules of the common law, a judgment of a court of competent jurisdiction cannot, in this way, be inquired into, or impeached. If the proceedings of the court were irregular, they could be examined by a superior court on a writ of error; and if that remedy is taken away by statute, as it is by our statute, it does not follow that an *audita querela* will lie. The principles of law, as recognized and laid down in the case of *Dodge* v. *Hubbell*, 1 Vt. 491, are certainly adverse to the writ in the case before us. But, if it should be considered that the extended view which has been taken, in this state, of the nature and object of a writ of *audita querela* could be made to comprehend a case like the one under consideration, there is another view which will be fatal to·this writ. The judgment was rendered against the complainant and Stinehour jointly. It is either a

valid judgment against both, or neither; and any proceedings had with a view to affect or vacate that judgment, or to prevent an execution issuing thereon according to the terms of the judgment, should be had at the instance of both. The parties really injured are the defendants jointly, against whom the judgment was rendered. A new trial cannot be granted in a civil case on the motion of one of the defendants.

In the case of *Bond* v. *Sparks et al.,* 12 Mod. 275, where, in trespass for assault and battery, a verdict was found in favor of two of the defendants, and against Sparks, the other defendant, the court said a new trial could not be granted except against all, and the two who were acquitted having consented, a new trial was awarded against all. The case of *Parker* v. *Godin,* 2 Str. 814, and Buller's N. P. 326, are to the same effect, that the verdict must stand or fall *in toto.* So all the defendants must join in a writ of error, notwithstanding some were acquitted, 3 Salk. 146. In *Corbett* v. *Barnes,* Cro. Car. 443, an *audita querela* was brought by three to avoid a judgment against the three, where one of them only was taken in execution upon the judgment, the other not being touched. The same reason, which required the decision in those cases, would require a similar one in the case now before us. It would be unreasonable to subject a party to this writ on the complaint of each defendant, when there were several. The cases which have been read, where an *audita querela* has been brought by one alone of several defendants, are where that defendant was alone in execution, and the only object was to set aside or be relieved from the execution. We are satisfied, therefore, that this writ is not well brought in the name of this complainant alone. The judgment and execution cannot be in part good and in part bad, —good against one of the defendants, and not good against the other.

The judgment of the county court is therefore reversed, and judgment must be entered that the declaration of the complainant is insufficient.