Charles N. Starbird, Charles Dewey and James A. Warner *v.* Luther Moore.

In this case the plaintiff offered, as evidence of a judgment rendered by a justice of the peace, a copy of the original writ, and of the officer's return thereon, with a copy of the minutes from the original writ, showing the continuance of the suit, and a copy of a minute in these words,—" Continued to September 24, 1845, at eight o'clock forenoon, at which time judgment on verdict of jury for plf. to recover of dft. $4,00 damages and his cost; said cause was continued for taxation of cost to Sept. 25, at which time said cost was taxed at $8,92, and allowed at $5,95,"—signed by the justice, and the whole certified by him to be " a true copy." *Held*, That this was a sufficient copy of record, to answer the requirements of the statute.

*Held*, also, that the judgment was properly described as rendered on the 24th of September,—the delay for the taxation of costs being improperly styled a continuance in the record.

An infant is incapable of appearing for himself and defending his suit in court, or of appointing an attorney to appear and defend for him; and if he be defended by an attorney, in a suit before a justice of the peace, without the appointment of a guardian *ad litem*, and judgment be rendered against him upon the verdict of a jury, such judgment will be vacated on *audita querela*.

If a judgment against several persons be vacated as to one, upon *audita querela*, it must be vacated as to all.

AUDITA QUERELA. The complainants, (of whom the complainant Dewey was described as an infant, under the age of twenty one years, who sued by his next friend,) alleged in their declaration, that the defendant commenced an action of trespass against them before a justice of the peace, and that, after several continuances, such proceedings were therein had, that on the twenty fourth day of September, 1845, the case came on for trial; that the complainants Dewey and Warner, who were both then infants, under the age of twenty one years, appeared by attorney and defended the suit; and that the defendant obtained a judgment against the complainants for $4,00 damages, and his costs, taxed at $5,95,—which judgment the complainants prayed might be vacated. Plea, the general issue, and trial by jury, March Term, 1847,—BENNETT, J., presiding.

On trial the complainants, to prove the judgment and proceedings of the justice of the peace in the original suit described in their declaration, offered a copy of the original writ, and of the officer's return thereon, with a copy thereon of the minutes of continuance of the suit, and a copy of a minute of the final proceedings, signed by the justice, and in these words,—" Continued to ' Sept. 24, 1845, at eight o'clock forenoon, at which time judgment ' on verdict of jury for plf. to recover of dft. four dollars damages ' and his cost; said cause was continued for taxation of cost to Sept. ' 25, at which time said cost was taxed at $8,92, and allowed at ' $5,95;"—all which was certified by the justice to be " a true copy." To the admission of this evidence the defendant objected, for the reason that it was not a record, nor a copy of any proper record, and that it varied from the allegations in the complaint; but the objection was overruled by the court.

It appeared, that the complainant Charles Dewey was an infant, under the age of twenty one years, at the time the judgment was rendered by the justice of the peace, and that the other complain-

ants were then of full age; and the defendant thereupon insisted, that the judgment of the justice should, at most, be vacated only as to Dewey. But the court decided, that the judgment should be vacated as to all the complainants. Exceptions by defendant.

After verdict for the complainants, the defendant moved in arrest of judgment for the insufficiency of the complaint, which motion was overruled by the court; to which decision the defendant also excepted.

*L. Underwood* for defendant.

The doctrine, that *audita querela* will not lie, when a writ of error is the appropriate remedy, even though the writ of error be taken away by statute, has been settled by repeated decisions of this court; and that a writ of error is the proper remedy for an infant, when he has appeared and pleaded by attorney and judgment has been rendered against him, is also well settled. The statute, prohibiting the reversal of a justice's judgment, rendered upon the merits of a civil cause, applies with equal force to all other process, as to a writ of error. Rev. St. 177, § 68. *Dodge v. Hubbell,* 1 Vt. 491. It is idle to say, that injustice has been done to the infant, because he has appeared and pleaded by an attorney, instead of a guardian *ad litem.* It is merely to preserve the principle of law, that an infant cannot appoint an attorney, that a writ of error is sustained in such case; and the legislature, in taking away the writ of error, could not have intended, that this desperate remedy should be substituted in its place.

Infancy is a personal privilege, and none but the infant can avail himself of it. The other complainants are not injured or aggrieved by the judgment, and they have no right to complain;—the judgment, as to them, is good.

The copy of the justice's files and minutes was not the proper evidence of the judgment; it should have been proved by a certified copy of the record. *Strong et al.* v. *Bradley,* 13 Vt. 9. There is a material variance between the judgment described in the complaint and the one offered in evidence.

Starbird et al. *v.* Moore.

*J. McM. Shafter* and *A. Peck* for plaintiffs.

There is no process known to our law, whereby a judgment obtained against an infant defendant, without the appointment of a guardian *ad litem*, can be vacated, unless *audita querela* be sustained; and it is as such remedial process, that the courts have sustained it, upon the ground, that an infant cannot appear by attorney, that the plaintiff must take notice of the infancy of the defendant at his peril, and that, if no guardian *ad litem* be appointed, the defendant is not considered as having had his day in court, and is therefore not bound by the judgment rendered against him. *Judd* v. *Downing et al.*, Brayt. 27. *Chase* v. *Scott*, 14 Vt. 79. *Lincoln* v. *Flint*, 18 Vt. 247.

The judgment complained of is entire against the three complainants, and was properly reversed as to all of them. 2 Saund. R. 212, n. 4. *Bird* v. *Orms*, Cro. Jac. 289. *King* v. *Marborough*, Ib. 303; Styles121, 125. *Grell* v. *Richards*, 1 Lev. 294. *Titlemore* v. *Wainwright*, 16 Vt. 173.

The opinion of the court was delivered by

ROYCE, Ch. J. We consider, that the paper offered to prove the judgment complained of was admissible, as record evidence. It was none the less evidence of a record, because it contained a full copy of the original process and the officer's return upon it, though a proper record might have been made without embracing such a copy. The paper showed, by necessary implication, the appearance of the parties in the suit before the justice, and stated the proceedings until the suit terminated in a trial and judgment. The whole was authenticated by the official signature of the magistrate, and certified to be a true copy. The document thus comprised all the essentials of a sufficient record, within the statute, which requires, that justices shall make records of their judgments, but prescribes no form, in which they shall be drawn up. The case is not affected by that of *Strong et al.* v. *Bradley*, 13 Vt. 9, where the original files and entries upon them were offered in evidence, instead of a record, nor by that of *Nye et al.* v. *Kellam*, 18 Vt. 594, where the record was held to be defective upon its face, in failing to state sufficient to show a valid judgment rendered.

There was no material variance between the declaration and the

record produced. The declaration alleged the judgment to have been rendered on the 24th day of September, and the record expressly stated, that it was then rendered. There was, indeed, an additional statement, that the cause was continued to the 25th for the taxation of costs. But the party already had judgment, not only for his damages, but also for his taxable costs, and it only remained to ascertain their amount. This is always done after judgment has passed. And hence the delay, which was granted for the single purpose of taxing costs, though improperly styled a continuance of the cause, did not affect the date of the judgment.

The remaining questions involve the sufficiency and legal effect of the matters set forth in the declaration. It is urged under the motion in arrest of judgment, that an *audita querela* is not sustainable for the cause alleged in this complaint. There may, perhaps, be no good reason to doubt, that the interests of Dewey, the infant complainant, were as well protected in this instance, as if a guardian had appeared and defended for him; since it appears, that the action against him and the other complainants was defended by counsel, and its merits contested in a trial by jury. But an infant being legally incapable of appearing for himself and defending his suit in court, or of appointing an attorney to appear and defend for him, any such appearance, or defence, amounts to nothing in contemplation of law. And hence no line of distinction can be drawn, as to the probability of injustice having been done to the infant, between the case where he suffers judgment to pass against him by default, and where the suit is defended in any form short of an appearance and defence by guardian. In each case the infant is deemed not to have had his day in court. When this evil occurs in the higher courts, the mode of correcting it is by writ of error. But when occurring in a justice's court, it can only be reached by this kind of process. And it is settled by a long course of decisions in this court, that in the latter case an *audita querela* may be supported.

It is also claimed, that the judgment of the justice should be vacated only as to Dewey, the infant, and be left in force as to the other complainants. This position receives countenance from an intimation in the case of *Chase* v. *Scott*, 14 Vt. 77, which was decided, however, on another ground. But by the current of authority in this state an *audita querela*, when it seeks to impeach the judg-

ment itself, and not simply to obtain relief against the execution issued upon it, is treated, in respect to the necessary parties, like a writ of error. *Gleason* v. *Peck et al.*, 12 Vt. 56. So that if a judgment against several persons be vacated as to one by this process, it must be vacated as to all. To this effect was the decision in *Titlemore* v. *Wainwright*, 16 Vt. 173. There a judgment had been obtained against two persons, and one of them sought, by *audita querela*, to avoid the judgment as to himself. It was held, that the other person should have joined in the process. And on that ground the complaint was adjudged insufficient, though the alleged grievance operated to the sole injury of the complainant. That case is full authority for avoiding the judgment as to all the complainants.                    Judgment of county court affirmed.