Johnson and Davis *v.* Plimpton.

---

LYMAN W. JOHNSON AND JOHN J. DAVIS *v.* ERASMUS PLIMPTON.

*Misjoinder of plaintiffs in Audita Querela.*

The writ of *audita querela,* though authorized by statute, is derived from the common law, and is governed by the rules of the common law, as to misjoinder and parties and causes of action, and as to its proceedings, mode of trial and the rendition and effect of final judgment.

A joint action of *audita querela* cannot be maintained by a principal defendant, and a trustee, to vacate the judgments rendered against them respectively, in a suit brought by way of the trustee process, when their grounds of complaint are wholly different, and the judgments if vacated, must be vacated on different grounds.

AUDITA QUERELA.   The complainants alleged that the defendant brought an action returnable before one Hall, a justice of the peace, on the third Monday in May 1853, against Davis, principal debtor, and Johnson, trustee, that Davis being absent from the state and having had no notice of the suit, it was, on the return day, in the absence of justice Hall, continued by another justice to the 30th of May, 1853, when it was continued by justice Hall to the fourth Monday in August, 1853, at which time it was again con-

tinued till the 19th of September following, at 1 o'clock, P. M., when both Davis and Johnson were defaulted, and judgment rendered against Davis, as principal defendant, and Johnson as trustee, for thirty-four dollars and thirty-seven cents.

The writ further alleged that on the 19th of September, 1853, between nine and ten o'clock in the forenoon, Johnson, being uncertain as to the time to which the case had been continued, applied to Plimpton for information upon that point, and that Plimpton replied that he did not know, and that the complainants, from information subsequently derived by them, believe that Plimpton did then know to what time the case had been continued, and concealed the fact from Johnson for the purpose of unjustly obtaining judgment against him by default; and the writ further alleged that Davis was absent from the state from the beginning to the end of the suit, and never had any notice thereof, and that execution had been taken out against Johnson by Plimpton and his property taken thereon, etc., but that no recognizance for a review was taken before the issue of the execution.

The defendant pleaded the general issue and a special plea of accord and satisfaction, setting forth that after the last continuance of this case, Johnson, acting for himself and for Davis, agreed with the defendant to discontinue the suit, in consideration that the defendant would pay his own costs, and would write a letter for Johnson to sign, addressed to the attorney of the latter, informing him of the settlement and discontinuance of the suit; and the defendant, in reliance upon such agreement, did pay his own costs and wrote such a letter. To this plea the plaintiffs demurred generally.

The county court, at the April Term, 1857,—UNDERWOOD, J., presiding,—sustained the demurrer, and rendered judgment for the plaintiff. Exceptions by the defendant.

*Butler & Knowlton* and *Stoughton & Grant*, for the defendant.

*A. Stoddard*, for the plaintiffs.

The opinion of the court was delivered by

ALDIS, J. This is a writ of *audita querela* brought by a trus-

Johnson and Davis *v.* Plimpton

tee to vacate a judgment obtained against him, upon the ground of an alleged fraud by this defendant, in procuring it. The principal debtor is joined with the trustee in the complaint, and the judgment against the principal debtor is also attempted to be vacated, upon the ground, first, that the continuances of the original suit, which are stated in the complaint, were for a longer period than the law authorizes, and second, that the recognizance required by the statute before issuing execution was not entered into. These facts are fully stated in the declaration.

The defendant pleaded a special plea of accord and satisfaction, to which the plaintiff demurred, and thus the question arises whether there is any substantial defect in the declaration.

The writ of *audita querela,* though authorized by statute, is derived from the common law, and is governed by the rules of the common law, as to misjoinder of parties and causes of action, as to its proceedings, mode of trial and the rendition and effect of final judgment.

It has been settled that when the ground of complaint reaches to the foundation of the judgment, and the judgment to be vacated is valid against both or neither of the defendants, then both the defendants must join in the writ. In such case both defendants are jointly interested in the judgment and in the grounds of complaint. Such is the case of *Tittermore* v. *Wainwright,* 16 Vt. 173. But when all the parties to the judgment are not interested in, or affected by the wrong complained of in the writ, it would seem that those not so affected need not be joined. *Chase* v. *Scott,* 14 Vt. 77.[*]

In the present case it will be noticed that there is one judgment against the trustee and another against the principal debtor, and that the grounds for annulling them are totally distinct and different. The judgments are separate. The one against the principal debtor may be valid while the other may be set aside. If this case therefore were to proceed in its present form, it would be necessary to have separate trials upon the different issues presented; there would also, have to be separate judgments. It virtually embraces two distinct suits, causes of action, trials and judgments in one

---

[*] But see the opinion of the court in *Starbird et al.* v *Moore,* 21 Vt. 533-4, which seems to conflict with the views expressed in *Chase* v. *Scott.*—REPORTER.

Johnson and Davis *v.* Plimpton.

writ. Such a joinder of distinct and independent rights of action, and such a mode of proceedings and of trial are not consistent with the forms of the common law. It is the joinder in one suit of parties having different interests, and whose rights thus to be adjudicated stand upon wholly different grounds. In all other forms of action derived from the common law, such a misjoinder would be held fatal on general demurrer. There is nothing, we think, in the trustee process which requires us to make it an exception to the general rule.

It is true that there can be no judgment against the trustee unless there is a judgment against the principal debtor; but with this exception the proceedings against the trustee and the princpal debtor are wholly independent of each other. There is no joint interest, no connection between the claim against the debtor and the claim against the trustee. Their interests are separate and frequently hostile; their trials separate, the judgments against them separate. There may be a final judgment against the principal debtor, and a long subsequent litigation with the trustee. In a suit brought before a justice there may be a final judgment, not appealed from, against the principal debtor, and yet the trustee may appeal and go by exceptions to the supreme court. Indeed the pendency of the trustee suit does not bar the principal debtor from suing the trustee upon the very debt sought to be held by the trustee process even after final judgment in such suit, that the trustee is liable; the principal debtor only being restrained from taking out execution against the trustee until he has discharged the judgment against him for which the trustee may be liable. This has recently been held in a case in Rutland county. The judgments against the trustee and the principal debtor being held to be thus wholly distinct, there seems to be no reason why the trustee, at least, should be permitted to join the principal debtor with himself in a writ of *audita querela*, where the grounds of complaint are wholly different, and where the two judgments if vacated, must be vacated on different grounds. We think the misjoinder in this case fatal to the declaration.

This view of the case renders it unnecessary for us to consider or determine the questions raised in the argument as to the sufficiency of the plea.

We do not decide, therefore, whether the plea is or is not sufficient ,

in law; but as the declaration is fatally defective, and even as a bad plea is a sufficient answer to a bad declaration, the *form* of the entry will be, according to the precedents in such cases, that the plea is sufficient.

The clerk will therefore enter the upon docket, judgment of the county court reversed, and judgment that the plea is sufficient.