Reed *v.* Stockwell et al.

JOHN REED *v.* STOCKWELL & WARREN, *Appellant.*

*Account. Jurisdiction. Waiver. Reference.*

Where one had an account for articles sold to another who soon after the pur chase became associated in partneship with a third person, and the creditor severed his account, and brought two suits before a justice of the peace, one against the purchaser of the articles alone, and the other against the latter and his new co-partner jointly, the severance of the account, which was altogether more than one hundred dollars, bringing the amount claimed in each suit within the jurisdiction of the justice; *held* that as the plaintiff appeared, from the facts proved, to have brought the suit against the firm in good faith and upon reasonable grounds of belief that he could sustain the action against the co-partner of the purchaser for that portion of his account embraced in such action, the plaintiff was justified in severing that portion of the account from the other, although, as it resulted, the purchaser's partner was not in fact liable to the plaintiff, who obtained judgment only against the purchaser; and that the justice, therefore, had jurisdiction of both cases.

If a justice of the peace, not having jurisdiction of a suit, by reason of the amount in controversy, tries it, and the judgment is appealed from to the county court where it is referred by the parties to a referee for trial, the parties thus creating a tribunal of their own selection for the trial, thereby waive the objection which they might have made to the jurisdiction of the court.

And especially so, where by the terms of the reference the objecting party agreed to interpose no motion to dismiss if the suit was tried by the referee.

ASSUMPSIT. This case, and another in favor of the same plaintiff against the defendant Stockwell alone, in which the plaintiff's claim was sixty-nine dollars and eighty-seven cents on account, were originally brought before a justice of the peace, and were carried to the county court by appeal. In the latter court the present case was referred by an agreement of the parties thereto, under a rule of which the following is a copy :

"Referred to Abishai Stoddard to be tried according to law, and all matters of controversy between the parties, together with the costs of this suit, growing out of all questions of jurisdiction and otherwise; the defendant agrees to interpose no motion to dismiss provided the suit is heard and determined by the referee aforesaid."

The referee reported the following facts: The plaintiff's claim was one hundred dollars, for a quantity of hay and a hay cutter. On or about the 23d day of November, 1857, the plain-

tiff sold the hay and hay cutter to the defendant Stockwell, for the above sum.

At that time the defendant Stockwell was the owner of a tavern-house, saw and grist mills and other real estate, and was keeping a house of entertainment, and the defendant Warren was at work for him by the month.

On the 2d day of December next following the plaintiff saw Warren and said to him, " you have bought in here I understand." Warren replied, " they say so," and gave the plaintiff to understand, and intended to do so, that he had purchased an undivided half of all Stockwell's real and personal property and was concerned with him in the business.

Soon after this, but whether before or after the 8th day of December did not distinctly appear, the plaintiff again saw Warren and inquired of him how far he was responsible for the property he, the plaintiff, had sold to Stockwell, and Warren replied, that he was not responsible for anything but the hay and hay cutter, and that the plaintiff might look to him for the price of onehalf of those. ` The plaintiff then supposing that the defendants were in company made an entry of the hay and hay-cutter upon his book to Stockwell & Warren, not having previously made any charge of them.

On the 8th day of December, Stockwell executed a deed to Warren of an undivided half of all his real and personal estate, and the defendants in fact formed a partnership on that day. There was no evidence showing that Warren agreed to become responsible for the private debts of Stockwell due at the formation of the partnership. Both Stockwell and Warren testified that the hay purchased by Stockwell was considered, and formed a part of the purchase by Warren of Stockwell.

The referee found that the defendant Warren was not liable to the plaintiff in this action for the hay and hay-cutter or any part thereof, subject to the opinion of the court upon the facts reported; and that if the plaintiff was entitled to recover of the defendant Stockwell, he should recover the sum of one hundred dollars and interest thereon from Nov. 24, 1857.

The county court, at the September term, 1860, REDFIELD, CH. J., presiding, rendered judgment for the plaintiff on the fore-

going report, against the defendant Stockwell alone, and the latter excepted.

*Butler & Wheeler*, for the defendant.

*Field, Davenport & Haskins*, for the plaintiff.

ALDIS J.    The objection to the decision of the county court is, that the court have found that Warren was not liable for the one hundred dollars, charged by the plaintiff to Stockwell & Warren, but that Stockwell was chargeable alone ; and that as the amount thus charged by plaintiff to Stockwell in this suit, being one hundred dollars, should properly have been joined to the sixty-nine dollars and eighty-seven cents, sought to be recovered by the plaintiff of Stockwell alone in the other suit, and if so joined would have exceeded the jurisdiction of a justice of the peace,— that these suits should be dismissed for want of jurisdiction in the justice's court where they were originally brought.

The plaintiff appears to have brought this suit against the firm of Stockwell & Warren in good faith, and upon reasonable grounds of belief that he could sustain this action as against Warren.    He appears to have relied on Warren's statement to him that he was liable with Stockwell for the hay and hay-cutter here sought to be recovered, and it seems that the hay at least went into their partnership.    Upon the facts reported he was fully justified in bringing this suit against the defendants, and in severing this part of the account from the rest sued for in the case against Stockwell alone.    The jurisdiction may well be sustained upon another ground,—that the parties have by the reference created a tribunal of their own selection for the trial of the case and thereby waived the objection which might have been made to the jurisdiction.    *Maxfield* v. *Scott*, 17 Vt. 634, is directly in point to sustain this doctrine.    Especially should it be so held when by the terms of the reference the defendant agrees to interpose no motion to dismiss if the suit is tried by the referee.    Such appears to have been the rule here.

Judgment affirmed.