HENRY HARMON, JR., AND HORACE CASWELL *v.* ISAIAH MARTIN.

Audita Querela. *Pleading. Waiver.*

An absent defendant against whom judgment has been rendered by default and without notice, may maintain *audita querela* to set aside the judgment, if no recognizance for review was entered into, although no execution has been issued against him, and notwithstanding the statute providing a remedy by petition for new trial.

The principal defendant and the trustee in a suit begun by trustee process, joined in bringing *audita querela* to set aside the judgment therein of a justice of the peace wherein they were severally adjudged liable on default. The cause was referred and heard by the referee. After the evidence was all in, defendant for the first time objected to the joinder of the plaintiffs. *Held,* that the right to object was waived by the agreeing for the reference.

AUDITA QUERELA to set aside a judgment of a justice of the peace. No plea was filed, but the case was referred, and the referee reported the following facts:

On June 24, 1876, the defendant sued out a writ of attachment against the plaintiff Harmon, who then and ever after resided in Manchester, New Hampshire. The writ was signed by Benjamin Fairchild, a justice of the peace within and for the County of Chittenden, and was returnable before him in Milton in that county, on the 4th Tuesday of July. The plaintiff Caswell of Milton, then administrator of the estate of Harmon's father, was thereby to be summoned as trustee. Service was made thereof on July 11, by attaching Harmon's alleged interest in certain land in Milton, then a part of his father's estate, and by delivering a copy thereof to Caswell's son. On the return day the case was continued for three weeks because Harmon resided out of the

State and had not had personal service; and on the day to which it was continued, neither Harmon nor Caswell appearing, judgment was rendered against each of them by default. Execution was issued against Caswell but none against Harmon. Harmon had no notice, except such as the law would imply from the facts in the case, of the pendency of the suit, until after rendition of judgment, and he had no attachable property in this State, unless he had an attachable interest in his father's estate; but no recognizance to refund upon writ of review was ever entered into. After the evidence was all in before the referee, the defendant's attorney in argument for the first time made the point that *audita querela* could not be maintained by the plaintiffs jointly. No special damage was proved, and the referee found none, but found, subject to the opinion of the court, for the plaintiffs to recover nominal damages and their costs. Other facts were found relative to the validity of the service on Caswell and of the continuance and judgment as to him, but as they are not material to the questions decided, they are not stated.

The cause was heard on the report at the September Term, 1879, and the court, POWERS, J., presiding, rendered judgment that the judgment in question be set aside, and that the plaintiffs recover $1 damages, and costs. Exceptions by the defendant.

*J. E. Wheelock*, for the defendant, contended that *audita querela* was not the proper remedy, but that if the plaintiffs had any remedy it was by petition under section 7, c. 38, Gen. Sts.; and that *audita querela* would not lie in favor of the plaintiffs jointly, and cited *Johnson* v. *Plimpton*, 30 Vt. 420. He also contended that Harmon had sufficient notice by service, &c., and that the service on Caswell and the continuance and judgment were not to be complained of.

*R. H. Start*, for the plaintiffs, contended that the plaintiffs were properly joined, and cited *Titlemore* v. *Wainwright*, 16 Vt. 173, and *Starbird* v. *Moore*, 21 Vt. 529, 534: that if they were improperly joined, the defendant had waived objection thereto, and cited *Maxfield* v. *Scott*, 17 Vt. 634; *Briggs* v. *Oakes*, 26 Vt.

142; *Carpenter* v. *Cook*, 34 Vt. 126; *Stone* v. *Congregational Society*, 14 Vt. 86; *Reed* v. *Stockwell*, 34 Vt. 206, and other cases: that *audita querela* was the proper remedy, and cited *Marvin* v. *Wilkins*, 1 Aik. 107; *Kidder* v. *Hadley*, 25 Vt. 544, 548; *Alexander* v. *Abbott*, 21 Vt. 476; *Whitney* v. *Silver*, 22 Vt. 634; *Stone* v. *Seaver*, 5 Vt. 549; *Glover* v. *Chase*, 27 Vt. 533. He also contended that the service and continuance were improper.

The opinion of the court was delivered by

VEAZEY, J.   The rule is established by repeated decisions in this State that where the judgment is by default against a defendant who was without the State when the writ was served, and is without notice to him, and the plaintiff enters into no recognizance to refund upon a writ of review, as required by statute, Gen. Sts. c. 31, s. 52, the defendant is entitled to have the same vacated upon *audita querela;* and this remedy exists notwithstanding the statute providing a remedy by petition for new trial; *Alexander* v. *Abbott*, 21 Vt. 476; *Whitney* v. *Silver*, 22 Vt. 636; *Kidder* v. *Hadley*, 25 Vt. 544; and although no execution has issued; *Stone* v. *Seaver*, 5 Vt. 546, 553; *Glover* v. *Chase*, 27 Vt. 533. The record of the justice does not show, and it is not claimed, that the defendant had notice in fact before the default.   No recognizance for review was taken.   But the defendant in this suit insists that *audita querela* will not lie in favor of the principal debtor and trustee jointly to vacate the judgments rendered against them severally in a trustee action; and he cites *Johnson* v. *Plimpton*, 30 Vt. 420, in support of this proposition. ، Whether the law as announced in that case applies to this case is not material to determine.   The question came up in that case on demurrer.   The ground of objection now insisted upon was as apparent when the writ was served and entered in court as it is now; yet the defendant did not raise the question in any form, but agreed to a reference, and made no allusion to a misjoinder until he made it in argument to the referee after the testimony was all in.   No exception was filed in the County Court to the report of the referee, but judgment was rendered thereon, to

33

which the defendant excepted.  Under these circumstances, he now claims that the misjoinder is fatal.  We think he was too late in raising the question.  In *Maxfield* v. *Scott*, 17 Vt. 634, where it was held that a reference was a waiver of the question of jurisdiction, HEBARD, J., says : " It would be inequitable and unjust for the defendant to experiment upon the merits of the plaintiff's claim, before a tribunal created by the parties for the express purpose of taking a more equitable view of the case than would be consonant with rules and legal forms of proceeding before the court, and, when unsuccessful there, to throw himself back upon a defect that was apparent in the outset, and which might have been taken advantage of before the expense of litigating the merits of the case had been incurred. . . .  The effect, in short, of this reference, as of all others, is to waive all those questions of formality and technicality that otherwise might have been insisted upon, and transfer the matter to a different tribunal, which only takes cognizance of the merits of the controversy."  This case is cited with approbation by REDFIELD, C. J., in *Briggs* v. *Oakes*, 26 Vt. 138, also by ALDIS, J., as decisive of *Reed* v. *Stockwell*, 34 Vt. 206.

Without citing further from the numerous cases in our reports, where a reference by agreement has been held to constitute a waiver of defences that might otherwise have been made, we think it no extension of the doctrine to apply it against the defendant in this case.  It is by no means clear that if the case had not been referred, but had been tried by the court on the pleadings as they stand, no demurrer or plea in abatement having been interposed, we should not have been led to the same determination of the case on other grounds.  See *Bartlett* v. *Boyd*, 34 Vt. 256 ; *Wing* v. *Cooper*, 37 Vt. 169 ; Gould Pl. c. 5, s. 106.  But as the case stands and was presented on the briefs, we rest it on the ground above indicated.

This view renders it unnecessary to pass upon other questions referred to in the briefs.

*Judgment affirmed.*