## ANDA ALEXANDER v. JONAS ABBOTT.

Where the defendant, in a suit commenced before a justice of the peace, was without the state at the time the writ was served, and had no notice of the pendency of the suit, and judgment was rendered against him by default, without any security being given by recognizance, as required by statute, conditioned that the plaintiff would refund such sum as might be recovered by the plaintiff upon writ of review, the defendant may have a remedy by *audita querela.*

The statute, which allows a remedy by petition, when a party has been deprived of his day in court by fraud, accident, &c., is merely cumulative, in those cases, coming within its purview, where *audita querela* had been sustained previous to its enactment.

When *audita querela* lies, to vacate a judgment on which execution has issued and been satisfied by levy on personal estate, an allegation in these words,— by all which the said complainant, as he says, is greatly injured and aggrieved, and has suffered damage one hundred dollars,—is a sufficient claim for damages ; and the complainant, under such allegation, may recover the amount collected from him by virtue of the execution.

AUDITA QUERELA. The plaintiff alleged, in substance, that, while he was absent from the state, the defendant fraudulently sued out a writ against him, returnable before a justice of the peace, and caused the same to be served by attaching the plaintiffs' property, and, at the return day of the writ, took judgment against the plaintiff by default, without continuing the suit for notice to the plaintiff, and without giving security, by recognizance, as required by statute, for the refunding of such sum, as should be recovered by the plaintiff by writ of review, and that he took out execution thereon, and caused the same to be levied upon the personal property of the plaintiff, and to be satisfied in full by the sale thereof; that the plaintiff was not justly indebted to the defendant at the time, and had no notice of the commencement or pendency of the suit, until after the rendition of the judgment; and he therefore prayed, that the judgment, thus obtained, might be vacated, and for his costs,— concluding with an allegation of damage in these words,—" by all which the said complainant, as he says, is greatly injured and aggrieved, and has suffered damage the sum of one hundred dollars, as shall then and there be made to appear. To this declaration the defendant demurred.

Alexander *v.* Abbott.

The county court, November Term, 1848,—REDFIELD, J., presiding,—adjudged the declaration sufficient, and rendered judgment thereon for the plaintiff, that the judgment complained of be vacated, and that the plaintiff recover back the amount collected from him by virtue thereof. Exceptions by defendant.

*F. F. Merrill* for defendant.

*Audita querela* will not lie; and the only remedy is that provided by the Revised Statutes, chap. 33, sec. 8. This provision is copied from the statute of 1829, which was enacted for the very purpose of obviating the necessity, then existing, which forced this court, in *Marvin* v. *Wilkins,* 1 Aik. 108, to extend this writ beyond all precedent, and to cases where confessedly injustice must generally be done. *Mosseaux* v. *Brigham,* 19 Vt. 458, was a case, where the complainant was out of the state at the time of the rendition of judgment, and decides, that the statute gives a remedy in a case like the present.

This writ is brought too late,—having been sued out after satisfaction of the execution; and the plaintiff ought not to recover back the amount collected. There is no allegation, that the complainant had no notice of the issuing of the execution. The writ lies only where the party is in execution, or in danger of it, and has no other means of redress. 49 E. C, L. 334, n.

*Heaton & Reed* for plaintiff,

The case at bar is the same as that of *Marvin* v. *Wilkins,* 1 Aik. 107, which has been recognized by this court in *Stone* v. *Seaver,* 5 Vt. 509, and *Spalding et al.* v. *Swift,* 18 Vt. 214. And the same doctrine is recognized in *Finney* v. *Hill,* 13 Vt. 255, *Sutton et al.* v. *Tyrrell,* 10 Vt. 87, and *Lincoln* v. *Flint,* 18 Vt. 247.

The statute, which gives a remedy by petition for a new trial,—Rev. St. c. 33, sec. 8,—does not take away the common law remedy by *audita querela.* When the common law provides a remedy, and a statute is enacted also providing a remedy, the statute is cumulative, and a party may pursue either remedy. *Almy* v. *Harris,* 5 Johns. 175. *Farmers' Turnp. Co.* v. *Coventry,* 10 Ib. 388. *Scidmore* v. *Smith,* 13 Ib. 322. *Colden* v. *Eldred,* 15 Ib. 220. *State* v. *Wilkinson,* 2 Vt. 480.

Alexander *v.* Abbott.

BY THE COURT.   We think this suit well brought.   The case of *Marvin* v. *Wilkins*, 1 Aik. 107, is, we think, no extension of the remedy by *audita querela*, beyond what it 'has been sustained in other analogous cases, ever since the enactment of the' statute of 1829. And this, with the cases upon other grounds, where *audita querela* had been brought and sustained, before the statute affording a remedy by petition was enacted, have still been considered as in force, and followed,—as, for example, where the party had been unjustly denied an appeal; *Tyler* v. *Lathrop*, 5 Vt. 170; and yet this is the very case named in the statute.   The statute, in this and other cases coming within its purview, where *audita querela* had been sustained, has been held *merely cumulative.*

The objections, that the writ does not claim damages, or that it is not competent to recover back money collected on the execution, have not, in practice, been regarded as sound.   The writ might, for some reason, not be made to operate as a *supersedeas;* and in such case, if the recovery of the money would defeat the writ, the party would be remediless.   If the money is to be recovered at all, it is proper it should be here recovered, to prevent multiplicity of actions.   All the damages are claimed here, which are in any action of the kind.                              Judgment affirmed,