Whitney et al. *v.* Silver.

‹‹‹›◦◉◦›››

LEVI T. WHITNEY AND LENOX TITUS *v.* ISAIAH SILVER.

*Audita querela* is the proper remedy, where a judgment of a justice of the peace has been rendered without notice, the defendant being out of the state at the time of the service of the writ, and where no recognizance was taken, conditioned to refund to the defendant such sum as might be recovered by him by writ of review.

Where *mesne* process is issued against two joint contractors, and is regularly served upon one of them, and service is made upon the other by leaving a copy at his usual place of abode within this state, he being absent from the state at the time and not returning nor receiving any notice of the suit previous to judgment being rendered therein, the defendant, upon whom the process is regularly served, cannot, by his appearance in the suit or any agreement he may make in reference to it, bind his co-defendant, so as to entitle the plaintiff to take judgment against both, without notice in fact to the other defendant, or giving a recognizance, conditioned to refund such sum as may be recovered

by him by writ of review. And it makes no difference, in this respect, that the absent defendant was merely surety for the other defendant in the contract in suit.

There is no case, in which one joint contractor has power to appear for another, where such other contractor has had no personal notice of the suit. BEN-NETT, J.

AUDITA QUERELA. The complainants alleged, that the defendant, Silver, sued out a writ of attachment against them, declaring in assumpsit, returnable April 28, 1846, before a justice of the peace, and caused it to be served upon Whitney, by attaching his property and giving him personal notice thereof, and upon Titus, by a nominal attachment of property and leaving a copy at his residence in Montpelier, in the hands of his wife; that at the return day of the writ Whitney appeared and agreed with the plaintiff's attorney, that the suit should be continued to May 18, 1846, and that on that day Whitney agreed to a contiunance to July 6, 1846, and that then, Whitney being prevented, by accident and mistake, from appearing and defending the suit, judgment was rendered therein by the justice, against the complainants, by default; that the complainant Titus had no notice of the commencement or pendency of said suit, until after the rendition of the judgment, but was, at the time the suit was commenced, without this state, and so continued, until after the rendition of the judgment; and that the defendant had taken out execution against the complainants, upon said judgment, without any recognizance being entered into by the defendant, or by any one in his behalf, conditioned to refund such sum as might be recovered by writ of review, and had delivered the execution to an officer for service. Plea, the general issue, and trial by the court, November Term, 1849,—REDFIELD, J., presiding.

It appeared in evidence, that the complainant Titus was out of the state, at the time of the service of the writ in the original suit, and continued out of the state until after the rendition of judgment, and had no notice in fact of the suit, having his residence at Montpelier, and no bond, or recognizance, was entered into, agreeably to the provisions of the Revised Statutes, chap. 26, sec. 27. The writ and record of the judgment described in the complaint were given in evidence. Upon the original writ there were two agreements in writing, for the continuances mentioned in the complaint, both of

which were signed by the attorney of the plaintiff in that suit and by Whitney, in his own name. Whitney mistook the day, to which the suit was finally continued, and did not appear upon that day. It appeared, that Titus was merely the surety of Whitney, in the contract upon which that suit was predicated.

The court decided, that *audita querela* would not lie in this case, and rendered judgment for the defendant. Exceptions by plaintiffs.

*F. F. Merrill* and *S. B. Colby* for plaintiffs.

*J. A. Vail* for defendant.

The opinion of the court was delivered by

BENNETT, J. The county court held, that the facts detailed in this case would not sustain an *audita querela;* and this is now the only question before us. It has been settled, that in an action upon a joint contract against two or more, where all have been duly served with process and are properly brought by means of the process and the service of it before the court, one of the co-defendants may employ an attorney for all, or may appear and control the suit as to all the defendants. This proceeds upon the ground of an *implied* authority. The case of *Scott* v. *Larkin*, 13 Vt. 112, is of this description. But the question is, will this principle extend to a case like the present ?

Titus was out of the state at the time of the service of the writ, and continued to be so, until after the judgment against him and Whitney ; and he had no notice in fact of the suit, having his residence in Montpelier, and no bond was given under the provisions of the Revised Statutes, chap. 26, sec. 27, before the execution issued. In the case of *Marvin* v. *Wilkins*, 1 Aik. 107, it was held, that an *audita querela* is the proper remedy, where a judgment of a justice of the peace has been rendered without notice, the defendant being out of the state at the time of the service of the writ, and where no recognizance was given for a review, in pursuance of the requisitions of the statute. That case is an authority for sustaining the present action, unless the case is to be distinguished in principle from it, upon the ground that it was an action against Titus and Whitney upon a joint contract.

Whitney et al. *v.* Silver.

It has been settled, that the *audita querela* should be brought by all the defendants upon the record; and therefore Whitney is properly made a party, though he may have no personal cause of complaint. We think it will not do to hold, that Titus was bound by the appearance of Whitney. He had no power to *waive* notice to Titus, and thus bring him before the court, subject to the same proceedings, as if he had been personally served with process, or had had notice in point of fact of the service made in the case. I am not aware of any case, in which it has been held, that one joint contractor has power to appear for another, when such other contractor has had no personal notice of the suit.

It has always been held, that, in case of partners, each partner is entitled to a complete service of the writ. If service is made by an attested copy of the writ, each partner is entitled to a copy; and if not so served, it is good matter in abatement; and I apprehend one partner cannot bind the firm by a confession of judgment; and it has been held, that one partner cannot bind the firm by a submision to arbitration,—as in the case of *Stead* v. *Salt*, 3 Bing. 101,—though on this point there may have been some difference of opinion.

The fact, that Titus was but a surety for Whitney, certainly cannot make for the defendant in the *audita querela.* The surety may be the only responsible person; and he may also have a defence peculiar to himself. To hold that the principal can *waive* notice to the surety, by his appearing to the action and agreeing to a continuance, or that notice to the *principal* is *ipso facto* notice to the *surety*, would open a door for much fraud, to be practiced by an insolvent principal upon a solvent surety.

It would seem to follow, if a co-contractor can appear and control a suit as to all, where a part have had no notice, that a judgment of a sister state should bind those not served with personal notice;—yet it is well settled, that such a judgment would not bind them *in personam*, though it might bind them *in rem*.

We think this case, upon principle, must stand upon the same ground, as if Titus had been the sole defendant in the original action; and, upon the authority of the case of *Marvin* v. *Wilkins*, the judgment of the county court, in that view, was erroneous.

We might add, that in the present case there was no attempt on the part of Whitney to appear for any one but himself. All that the record shows is, that the name of L. T. Whitney is signed to an agreement to continue the cause twice. He does not profess to sign the agreement for the defendants, nor to appear for them; and I apprehend, in a case like this, we should regard it as only his own personal appearance.

The judgment of the county court is reversed; and as the cause was tried by the court upon the general issue, it must be remanded to that court, to be farther proceeded with; as well as for the assessment of damages.

It is not necessary for the court to decide, whether, upon the case now made, the complainants are entitled to have the judgment and execution set aside, or only the execution.