## FOLSOM v. CONNER, Executor of DURGIN.

### *Audita Querela.*

In *audita querela* to set aside the judgment of a justice of the peace, it appeared that when the suit in which the judgment was rendered was brought, the complainant had ceased to be a resident of the state, and had no place of abode and no known agent within it; that the writ in said suit was served by attaching personal property of the plaintiff, and by leaving an attested copy with plaintiff's son who was then and thereafterwards a resident of the state; that on or before the return day of said writ, the son asked for and obtained a continuance of said suit; and that no recognizance for a review was entered before the issuing of execution. *Held*, that plaintiff was not affected by the acts of his son; that the record of the justice court was not conclusive upon plaintiff ; that there was no due service of the writ; that the non-entry of a recognizance for review before issue of execution, was fatal; and, therefore, that the action would lie.

The County Court found upon trial that the notice for the taking of a deposition was sufficient. *Held*, conclusive.

AUDITA QUERELA to set aside the judgment of a justice of the peace. Plea, the general issue, and trial by the court, September Term, 1875, REDFIELD, J., presiding.

It appeared that in February, 1869, the plaintiff, then a resident of this state, removed with his family to Nebraska, and there took up his residence, thereafter having no place of abode in this state; that the suit in which the judgment in question was ren-

dered, was brought after his removal, and that he had no knowledge thereof, nor of the judgment rendered therein, until November, 1874, when he returned to sell certain personal property that he had left upon his removal. It appeared, also, that the plaintiff, upon his removal, left a wagon and a harness with his son, who then was and continued to be a resident of this state, with authority to let said Durgin take them, if he would, in full satisfaction of the debt then due from the plaintiff, upon which the judgment in question was founded, but that neither the son nor any one else in this state then or afterwards had any other or further agency for the plaintiff for any purpose ; that the writ in said suit was served by attaching said wagon and harness and other personal property, and by leaving an attested copy thereof with the said son at his house ; that on or before the return day of said writ, the son asked the attorney of the plaintiff in that suit for a continuance, which was granted ; and that there was otherwise no appearance for the defendant in that case. It further appeared, that the suit was not continued for notice, and that there was no recognizance for review entered before the issuing of execution, but that there was a bond in the penal sum of more than double the amount of the judgment, drawn up and signed by said Durgin and surety, but not brought to the notice of the justice. Upon these facts the court adjudged that the said judgment was irregular, and should be set aside; to which the defendant excepted.

The plaintiff offered in evidence the depositions of himself and his son, to the admission of which the defendant objected, for that the citation did not give sufficient notice of the time of taking. There were two citations. The first, the seasonableness of the service of which was not questioned, cited the defendant " to appear before A. B. Fuller, authorized by law to take depositions," &c. Afterwards, as that citation did not state the official character of the magistrate, the plaintiff caused a second citation, in which that omission was corrected, but which was in all other respects like the first, to be served upon the defendant. The depositions were taken at the time named in the first deposition, which was also the time named in the second. There was evidence tending

to show that the second citation did not give sufficient notice, but the court adjudged the time sufficient, and admitted the depositions; to which the defendant excepted.

*J. P. Lamson*, for the defendant, cited Gen. Sts. c. 33, ss. 22, 23; *Sutton* v. *Tyrrell*, 10 Vt. 87; *Spalding et al.* v. *Swift*, 18 Vt. 214; *Whitney et al* v. *Silver*, 22. Vt. 634.

*H. W. Heaton* (*J. A. Wing* with him), for the plaintiff, cited Gen. Sts. c. 31, s. 52; c. 33, s. 49; *Alexander* v. *Abbott*, 21 Vt. 476; *Whitney et al.* v. *Silver*, 22 Vt. 634.

The opinion of the court was delivered by

BARRETT, J. When the suit before the justice was brought against this complainant, he had ceased to be a resident of the state, and had no place of abode, and no known agent, within it, in the sense of the law as to the service of process; and had no agent of any kind, for any purpose, except that he had specially authorized his son to let Durgin take a certain wagon and harness, if he would receive them in full satisfaction of the debt which this plaintiff owed him, it being the debt on which the judgment now in question was grounded. Durgin would not so receive said property, and that ended the son's agency for any purpose. This plaintiff, therefore, was not bound or affected by anything the son did, as set forth in the exceptions.

As this writ is brought for the purpose of attacking and vacating said judgment because the acts done in procuring it did not render this plaintiff amenable to the justice's court, nor affect him by the proceedings and judgment, the record of that court does not conclude him against showing what and all that took place tending to render such proceedings and judgment invalid and ineffectual against the subject of it.

Counsel, in some remarks, intimated that that record had the same office and effect in this case as it would have in an action of debt or, *scire facias* upon the judgment. In the latter case, the record cannot be impeached or questioned. The object of this proceeding is to question, and invalidate, and annul the record.

The facts proved show that no such service was made by attachment and the leaving of copy, as is required by the statute, in order to put the suit on foot so as to place this plaintiff in any subjection to the proceeding in any stage or event of it. This would be conclusive in behalf of the plaintiff upon this complaint.

But if that defect should be passed, there was no compliance with the statute requiring a recognizance for review to be entered before the issuing of execution. The case shows that execution was issued, and that plaintiff's property was levied upon and sold by virtue of it. This gives cause for this *audita querela*. *Alexander* v. *Abbott*, 21 Vt. 476 ; *Whitney et al.* v. *Silver*, 22 Vt. 634.

As to the sufficiency of the notice for the taking of the deposition, the finding of the County Court upon the proofs is conclusive.

Judgment affirmed.