W. H. DEAL ET AL. *v.* MAX L. POWELL AND GEORGE W. MARKS.

November Term, 1914.

Present: POWERS, C. J., MUNSON, WATSON, HASELTON, AND TAYLOR, JJ.

Opinion filed December 4, 1914.

*Attachment—Non-resident Defendants—Officer's Return—Suffi-
ciency—P. S. 1450, 1458—Construction—Audita Querela—
Nature of Remedy—Other Remedy.*

Under P. S. 1450, providing that, if the party whose estate is attached
does not reside in the State, a copy shall be delivered to his
tenant, agent, or attorney, and if none such is known, then a copy
of the writ with the officer's return thereon shall be lodged in
the office where by law a deed of such real estate is required to
be recorded, and P. S. 1458, providing that when personal property
is attached, a copy of the attachment and a list of the articles
attached shall be delivered to the party whose property is so
attached, or left at the house of his then usual abode, "and if
such person is not an inhabitant of the State, such copy shall be
left with his known agent or attorney, and for want thereof, at
the place where such goods or chattels were attached," the pre-
scribed methods of service are not alternative, but successive, and
the latter is proper only where the former is impossible, and there-
fore, to make the leaving a copy at the place where personal
property was attached a · valid service, the officer's return must
show that neither defendant nor his known agent or attorney was
within the State.

The remedy of *audita querela* is not to be denied merely because there
is another remedy.

Defendants are entitled to have vacated upon *audita querela* a default
judgment rendered against them in a suit where the writ of attach-
ment was not served as required by statute.

. AUDITA QUERELA to vacate a default judgment, Chittenden
County. Heard at Chambers, July 30, 1914, on demurrer to the
writ, before *Fish*, J. Demurrer overruled, and writ adjudged
sufficient. Defendants excepted. The opinion states the case.

*E. A. Ashland* and *H. S. Peck* for the plaintiff.

*Max L. Powell* for the defendants.

WATSON, J.     In the court below, the demurrer was over-ruled, to which defendants excepted.     Several questions were presented in argument, but only two need be noticed: the one relating to the service of the writ in the justice suit upon the defendants therein, and the one whether *audita querela* is a proper remedy.

The justice writ set up the defendants as of Champlain in the state of New York, and the officer's return thereon was as follows:

"State of Vermont,    }
Grand Isle County    } ss.

At Isle La Motte in said County, this 23rd day of February, 1914, I then served this writ by attaching as the property of the within named defendants all the real estate, with the appurtenances thereof, with the defendants' right in equity to redeem the same, situate in said town of Isle La Motte and bounded as said town is bounded, and on the same day said defendants being out of the State I left in the town clerk's office in said town of Isle La Motte for each of said defendants a true and attested copy of this writ with a description of the property and estate so attached, with this my return endorsed thereon for file and record, and said real estate being situated in that part of Isle La Motte known as Cloak Island and lying about ⅛ mile east of the real estate owned and occupied by Mrs. E. R. Reynolds."

Neither on the return day of writ nor on the day to which the cause was continued under the statute for notice, (P. S. 2001) did any of the defendants appear either in person or by attorney.     On the latter day they were defaulted and judgment was rendered against them for sixty-two dollars and ten cents in damages, and costs taxed and allowed at ten dollars and three cents, for which execution was later issued and levied on the real estate attached on the writ.

The statute which prescribes the manner of attaching real estate provides:     "If the party whose estate is attached does not reside in the State, a copy shall be delivered to his tenant, agent or attorney; and, if no such tenant, agent or attorney is known, then a copy of such writ, with the officer's return

thereon, lodged in the office where by law a deed of such estate is required to be recorded, shall be sufficient service." P. S. 1450.

Section 1458 provides that when a person's goods or chattels are attached at the suit of another, a copy of the attachment and list of the articles attached shall be delivered to the party whose goods or chattels are so attached, or left at the house of his then usual abode; "And if such person is not an inhabitant of the State such copy shall be left with his known agent or attorney, and for want thereof, at the place where such goods or chattels were attached." It has been held that the methods of service there prescribed are not alternative, but successive, and that the latter is proper only from necessity in default of ability to adopt the former; that the court can not presume the necessity, and to render the leaving a copy at the place where the goods or chattels were attached, a valid service, the return must show that the defendant was neither within the State, nor had a known agent or attorney therein. *Hill* v. *Warren,* 54 Vt. 73.

As respects the mode of service when the defendant resides without the State, sections 1450 and 1458 are so near alike that the construction given to the latter, in the case cited, is controlling as to the construction of the former. The officer's return on the justice writ in the matter before us does not show that the defendants had no tenant, agent or attorney in the State; consequently leaving the copies in the town clerk's office for the defendants did not constitute a valid service. And since service was not made as required by statute, the defendants are entitled to have the judgment vacated upon *audita querela.* *Folsom* v. *Connor,* 49 Vt. 4; *Hill* v. *Warren,* 54 Vt. 73. This remedy is not to be denied upon the ground that there is another remedy. *Comstock* v. *Grout,* 17 Vt. 512; *Alexander* v. *Abbott,* 21 Vt. 476; *Edwards* v. *Osgood,* 33 Vt. 224; *Harmon* v. *Martin,* 52 Vt. 255.

*Judgment affirmed and cause remanded.*