## Clarence C. Whitney, et al. v. Brian Lea

[367 A.2d 683]

No. 84-76

Present: Barney, C.J., Daley, Larrow and Billings, JJ. and Shangraw, C.J. (Ret.), Specially Assigned

Opinion Filed December 7, 1976

*Theodore S. Mandeville, Jr.* of *Bishop & Crowley, Inc.,* Rutland, for Plaintiffs.

*Joseph W. Kozlik,* Rutland, for Defendant.

**Daley, J.** In early October, 1972, the plaintiff Clarence Whitney, an architect licensed to practice in the State of Vermont, was approached by the defendant Brian Lea and asked to develop designs and drawings for a proposed tennis clubhouse which was to be part of a project known as "Sundance" in the City of Rutland. The defendant specified no budgetary limitations for the structure but stated to the architect that the project was to be of "super quality" and that it was to be given first priority by the architect, with overtime hours being expended if necessary. The architect undertook the assignment without discussing any fee arrangement with the defendant. After incorporating several changes into the design at the defendant's request, the architect furnished an initial design and drawings for a building which he estimated would cost $120,040 to construct. The defendant's contractor estimated that a building constructed according to this design would cost $120,288 to build. The defendant at this point informed the architect that because of previously undisclosed budgetary restrictions the project would have to be scaled down. The architect revised the drawings in accordance with the defendant's instructions, and the clubhouse was eventually constructed on the basis of these revised plans at a cost of $79,659. The architect submitted a bill to the defendant for the architectural services rendered with respect to the design of the clubhouse; a separate charge was made for his services rendered relative to the electrical design for the tennis court building adjoining the clubhouse. The defendant paid only a portion of this bill, whereupon the architect and his employer, Crandall Associates, brought an action in the Rutland Superior

Court on a quantum meruit basis seeking to recover the claimed balance due for the architectural services.

The lower court, in its findings of fact and conclusion of law, determined that the reasonable value of the services rendered by the architect with respect to the clubhouse was ten per cent of the actual cost of the completed structure, minus certain credits not in issue. It also awarded the plaintiffs compensation for additional services rendered by the architect, but this award did not include services provided by the architect for the electrical design of the tennis court building, a sum shown by the evidence to amount to $1,990. From the award of compensation, the plaintiffs appeal.

The principal issue raised on appeal is whether the lower court erred in awarding compensation on the basis of the actual cost of the clubhouse construction, not the estimated cost of construction of the facility as originally designed by the architect. We are also asked to review the lower court's failure to find with respect to the architect's compensation for the electrical lighting design for the tennis court building.

The parties to this appeal agree that the architect, in the absence of an express agreement concerning compensation, is entitled to recover the fair and reasonable value of the services rendered. *Enos* v. *Owens Slate Co.*, 104 Vt. 329, 335–36, 160 A. 185 (1932). They disagree, however, as to the proper method to be used by the lower court in determining this acount. Before the lower court, the plaintiffs sought compensation based upon a percentage (9.8%) of the estimated cost of the building as originally designed. They introduced evidence showing that the architect's estimation of the construction cost of the building as originally designed was reasonable; his estimation closely coincided with that made by the defendant's contractor. The defendant in turn maintains that the architect is only entitled to recover a percentage of the actual cost of constructing the building.

Evidence was introduced by the plaintiffs showing that, if the architect had charged the defendant on an hourly basis, such figure would have exceeded the amount of the bill actually submitted. The lower court, apparently relying upon the testimony of an expert witness introduced by the defendant, based the award of compensation upon the actual cost of the building's construction. This expert testified that, where there was

an express agreement as to compensation, the general practice in the profession was to base fees upon the actual cost of constructing the facility. The witness was unable, however, to state the procedure generally employed to determine fees absent an express agreement, since such an occasion had not arisen in the course of his practice. As such, the expert's testimony could not be a satisfactory basis for the lower court's determination to predicate the award of compensation upon the actual construction cost of the clubhouse. Since the parties to this controversy did not enter into an American Institute of Architects written contract, that instrument cannot, in the present case, afford a basis for determining the fair and reasonable value of the architect's services.

██ The evidence presented before the lower court and its findings of fact based on that evidence compel us to conclude that the plaintiffs did not receive the fair and reasonable value of the architect's services by reason of the lower court's award of compensation. Its award based upon the actual cost of construction deprived the plaintiffs of compensation for services rendered in good faith by the architect. In *Koerber* v. *Middlesex College,* 128 Vt. 11, 258 A.2d 572 (1969), we upheld an award of damages to an architect for the preparation of plans and specifications where the buildings were never constructed. In the present case, if the clubhouse had been built in accordance with the architect's original designs, he would have been entitled to the appropriate percentage of the construction costs. Instead, the defendant instructed him to engage in a greater amount of work in order to reduce the scope of the project. The defendant argues that the architect, in return for these increased services, is only entitled to a lesser amount of compensation, an amount based on the actual construction cost. We do not believe that the defendant's theory, adopted by the lower court, affords the architect a measure of recovery based upon the fair and reasonable value of his work. See *Doup* v. *Almand,* 212 Ark. 687, 207 S.W.2d 601, 603 (1948); *Clark* v. *Smith,* 234 Wis. 138, 290 N.W. 592, 594 (1940); Annot., 127 A.L.R. 410, 415 (1940). Where there is no express agreement as to compensation and the architect in good faith submits original plans which are substantially in compliance with the owner's directions and instructions, he is entitled to receive a

percentage of the estimated cost of construction based on the original plan. We therefore hold that the lower court erred in predicating the award of compensation upon actual construction costs.

The defendant argues that the plaintiffs are precluded from recovering an award based upon the original design because of the architect's failure to inquire about the defendant's possible budgetary limitations. He cites no legal authority to support the imposition of this burden upon the architect. Unless the architect is clearly instructed as to maximum cost, it is not within his province to inquire as to the client's financial situation. *Koerber* v. *Middlesex College, supra,* 128 Vt. at 16; *Clark* v. *Smith, supra,* 290 N.W. at 594; 6 C.J.S. *Architects* § 28; 5 Am.Jur.2d *Architects* § 17.

Turning to the issue of the plaintiffs' charge of $1,990 for the services rendered with respect to the electrical design for the tennis court building, we note that the lower court failed to make any findings as to this item. The plaintiffs specifically billed the defendant for these services, and evidence was introduced before the lower court to show that these services rendered by the architect were considered by the parties to be a matter separate and apart from the designs and plans for the clubhouse. This charge for services being material to the plaintiffs' claim, and being a matter raised in their pleadings and by their evidence, the failure of the lower court to make a finding on this item constituted error. *Lynda Lee Fashions, Inc.* v. *Sharp Offset Printing, Inc.,* 134 Vt. 167, 352 A.2d 676, 677 (1976); *State Highway Board* v. *Jackson,* 128 Vt. 17, 24, 258 A.2d 575 (1969).

*Reversed and remanded.*