# State Equipment Corporation v. Lenord Robinson

[415 A.2d 224]

No. 156-79

Present: Barney, C.J., Daley, Billings and Hill, JJ., and Cook, District Judge, Specially Assigned

Opinion Filed April 15, 1980

Motion for Reargument Denied as Untimely Filed, V.R.A.P. 40, on May 2, 1980

*Christopher Dye* and *Peter H. Carter,* Office of *Frank G. Mahady,* White River Junction, for Plaintiff.

*John G. Hutton, Jr.,* Waitsfield, for Defendant.

**Barney, C.J.** This was a suit brought to recover from the defendant repair charges for work done on the diesel engine of one of his dump trucks. The lower court gave judgment for the plaintiff, and the defendant brings the matter here.

The case turns almost entirely on its facts. The plaintiff corporation is in the business of selling, servicing and repairing heavy equipment. The defendant is an excavating contractor who, in January of 1972, sought to have the plaintiff rebuild the engine in one of his trucks. The engine had been operated with a cooling system leak and had overheated and "seized." Repairs were eventually completed, the truck became operational and the defendant paid the plaintiff for the repair charges.

A little over a year later, in May 1973, after about 15,000 miles of service, the engine again failed. There was evidence in the case indicating that the mileage life of a diesel engine, if it meets no misadventure, is frequently much over 100,000 miles. The plaintiff warranted parts and labor for 90 days from the completion of any job.

The truck was brought into plaintiff's shop and examined. The defendant was given two options: (1) a less-expensive flushing job to remove metal particles causing trouble—a procedure indicated to be of uncertain success, or (2) a complete tear down and repair. The defendant told the plaintiff's service manager that he had paid plaintiff sizeable sums already and felt it was for the plaintiff to put the truck in running order. The defendant chose the less expensive alternative but never said that he would pay for it.

The flushing was done, and the truck went just a few miles down the road when the engine again failed. It was returned to the plaintiff and the engine torn down, parts replaced, and the engine cleaned out. The defendant then drove the truck for some 20,000 to 25,000 miles before it again became inoperable. This lawsuit seeks to recover the charges for the flushing and the full tear down operations performed by plaintiff. Defendant counterclaimed alleging defective workmanship and excessive charges by plaintiff.

The trial court found from the evidence that the plaintiff's charges for parts and labor were fair and reasonable, and that the evidence did not establish that the plaintiff was responsible for the engine failure in May 1973. That court also denied

defendant's counterclaim, finding the claim of unworkmanlike and improper repairs unsupported.

The defendant contends that since, as the findings note, he never stated that he would pay for the work done, the judgment against him must fail for lack of support in the findings. He claims his comments to the foreman made it plain that he felt there was an obligation on the part of plaintiff to correct the condition of the diesel engine.

It is clear from the findings that reliance on any warranty was unavailable since the ninety-day limit had long since been exceeded. Moreover, when labor and materials are furnished, and the course of conduct of the parties supports the inference of an agreement to have the work done on the part of one, and to do it on the part of another, as here, the law will imply that they are to be settled for at a reasonable rate. *Batchelder* v. *Mantak,* 136 Vt. 456, 464–65, 392 A.2d 945, 950 (1978); *Whitney* v. *Lea,* 134 Vt. 591, 367 A.2d 683 (1976). Every reasonable intendment is to be made in support of the judgment, and this Court will presume that the trial court inferred such facts from those it found that are proper for it to infer and that justify the judgment. *Duchaine* v. *Zaetz,* 114 Vt. 274, 276–77, 44 A.2d 165, 167 (1945).

Under that rule the determination of the defendant's obligation to pay and its amount from the evidence and findings is fully supportable. Some of the evidence stands unchallenged, and, in any event, the weight of the testimony was entirely for the trier of fact. *Economou* v. *Economou,* 136 Vt. 611, 617, 399 A.2d 496, 499 (1979).

*Judgment affirmed.*