**Circus Studios, Ltd., Architects and Circus Studios Construction, Inc. v. Henry and Carlene Tufo**

[485 A.2d 1261]

No. 82-563

Present: **Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.**

Opinion Filed November 9, 1984

220

*F. Brian Joslin* of *Theriault & Joslin, P.C.*, Montpelier, for Plaintiff-Appellee architect.

*Richard C. Blum* of *Blum Associates, Inc.*, Burlington, for Defendants-Appellants.

**Peck, J.** This is an appeal by defendants Henry and Carlene Tufo from an order of the Washington Superior Court awarding plaintiff Circus Studios, Ltd., Architects (plaintiff-architect) the sum of $5,576.65 as compensation for its services in designing defendants' home in Hinesburg, Vermont. The trial court was unable to find any contract between defendants and plaintiff Circus Studios Construction, Inc. (plaintiff-contractor), and in its order dismissed the action with prejudice as to the construction firm. This phase of the order has not been challenged, and plaintiff-architect is the sole appellee.

Defendants raise three issues for review. First, they claim the evidence offered at trial was insufficient to support a conclusion that defendants agreed to pay plaintiff-architect for the design work. Second, defendants claim that if there was an agreement, it did not require any payment to plaintiff-architect for work performed before October 11, 1980. Finally, defendants contend that the case was heard below by an improperly constituted court, and therefore the order should be reversed on jurisdictional grounds. We disagree with defendants' contentions and affirm.

Viewing the evidence in the light most favorable to plaintiff as the prevailing party, *Vermont National Bank* v. *Chittenden Trust Co.*, 143 Vt. 257, 259, 465 A.2d 284, 286 (1983), the facts are as follows. Plaintiff Circus Studios, Ltd., Architects, and plaintiff Circus Studios Construction, Inc., work together as a design-build team, although they are separate legal entities. The plaintiffs offer architectural design services and construction work. Representatives of both entities met with the defendants on October 5, 1980, to discuss defendants' plans to build a new house in Hinesburg. On October 6, 1980, plaintiff-architect drafted a letter which purported to "serve as an agreement for preliminary design work." In part the letter indicated:

> Design work will be charged at the rate of $25.00/hour until such time as a construction contract is signed. Due to this time constraint, it is expected this will cover a period of about 3 weeks.

On October 7, a representative of plaintiff-architect visited the site of the new house with one of the defendants. Representatives of both plaintiffs met with defendants again on October 11 to discuss the design of the new home, including the design work completed since the October 7 site survey. The parties also discussed the contents of the October 6 letter. Thereafter, plaintiff-architect proceeded to complete the design of the new home. The work product included plans, specifications, and a model. At the same time, plaintiff-contractor prepared construction cost estimates. Defendants were dissatisfied with the estimates, which totaled approximately $20,000 over their $175,000 limit, and subsequently employed another construction firm to build their home using the plans, specifications, and the model prepared by plaintiff-architect. The second contractor completed defendants' home in substantial conformance with the plans prepared by plaintiff-architect.

On December 3, 1980, plaintiff-architect billed defendants $5,576.65 for the design work. Defendants refused to pay. Both plaintiff-architect and plaintiff-contractor filed suit. As noted above, the lower court was unable to find any contract between plaintiff-contractor and the defendants. However, the court did find that an agreement existed between plaintiff-

architect and defendants for the design work. The court also found the bill for services to be fair and reasonable.

In their first assignment of error, the defendants contend that the evidence does not support the conclusion that they agreed to pay for the preliminary design work. Defendants assert that neither plaintiff below offered evidence of any express agreement to pay for the architectural services. Nevertheless, assuming defendants are correct, and no express agreement existed for the design work, the judgment below must still be sustained. This Court will affirm a judgment which is correct even if the grounds stated in support of it are erroneous. *Pike Industries, Inc.* v. *Middlebury Associates,* 140 Vt. 67, 71, 436 A.2d 725, 727 (1980). Therefore, regardless of the existence of an express contract, the evidence is clear that defendants accepted plaintiff-architect's work product and utilized it for their own purposes. Given this fact, the law will imply that reasonable compensation is to be paid. *State Equipment Corp.* v. *Robinson,* 138 Vt. 303, 305, 415 A.2d 224, 226 (1980) ; *Batchelder* v. *Mantak,* 136 Vt. 456, 465, 392 A.2d 945, 950 (1978). The lower court found the bill for plaintiff-architect's work "fair and reasonable," a finding which defendants do not dispute on appeal. Thus, even without evidence of an express agreement, plaintiff is entitled to fair and reasonable compensation. Accordingly, the court's judgment order was proper.

The defendants claim next that the court erred in finding plaintiff-architect entitled to compensation for work performed before the October 11 meeting at which the parties discussed the preliminary design work and the October 6 letter. However, applying the standard of review set forth above, and assuming there was no express agreement, there was sufficient evidence to show that defendants accepted and used plaintiff-architect's design work, including the work completed before October 11. There was no error.

Finally, defendants challenge the judgment as void for lack of jurisdiction because of participation by the assistant judges in the adjudication of equitable matters. Under *Soucy* v. *Soucy Motors, Inc.,* 143 Vt. 615, 620, 471 A.2d 224, 227 (1983), this fact would require reversal. However, we held in *Solomon* v. *Atlantis Development, Inc.,* 145 Vt. 70, 75, 483

A.2d 253, 254 (1984), that *Soucy* is to be applied prospectively only. Since the case before us was decided below before December 12, 1983, the date of our decision in *Soucy,* this case is not subject to reversal based on claims that assistant judges were present when equitable matters were considered.

*Affirmed.*