**Allen E. PIGEON v. Jill M. PIGEON**

[782 A.2d 1236]

No. 00-333

September 26, 2001. Father appeals from an order of the Franklin Family Court modifying parental rights and

responsibilities by transferring sole legal custody to mother and reducing father's weekend parent-child contact. Father contends: (1) the record does not support the court's custody award; (2) there was no showing of a real, substantial and unanticipated change of circumstances warranting modification of father's weekend contact with the child; and (3) reducing father's weekend contact with the child was not in the child's best interests. Because the court made no findings to support its decision to award mother sole legal parental rights and responsibilities, the court's finding regarding changed circumstances warranting modification of the parent-child contact schedule was clearly erroneous. In addition, the court failed to indicate it considered the child's best interests when modifying the award of parental rights and responsibilities or the contact schedule. We therefore reverse and remand.

Mother and father divorced in 1992 and shared joint legal rights and responsibilities for their one child, Zachary, born in 1990. In 1996, when the child was five years old, the parties stipulated to an amendment to the final order, "to minimize the disruption to Zachary's schedule during the school year," which increased father's contact with the child. After the parties experienced some disagreements about the child's medical treatment and a dispute about a holiday visit, father filed a motion to enforce the amended final order. On the day of the enforcement hearing, mother filed a motion to amend the final divorce order and amended order. In her motion, mother requested that the court choose one parent to be solely responsible for making medical decisions. Mother did not request any other change to the shared legal rights and responsibilities order. Mother also argued that the parent-child contact schedule should be clarified and modified "to minimize further problems in regard to parent-child contact schedule." The court granted mother's motion to modify and awarded her sole legal rights and responsibilities. Father appeals the modification decision.

Father first contends the court erred in transferring sole legal rights and responsibilities to mother. Father claims there were no findings regarding whether the transfer of sole legal rights and responsibilities to mother would be in the best interests of the child. He argues that, other than issues regarding the child's medical condition, there was no evidence regarding the remaining bundle of legal rights and responsibilities included in 15 V.S.A. § 664(1)(A). Father also contends that there were no findings or evidence on whether or how the court's award of medical decisionmaking authority to mother was in the child's best interests.

Father is correct. Regarding legal rights and responsibilities, the court made the following findings: "The parties have had disputes concerning medical care for Zachary who suffers from allergies. The parties cannot cooperate in making decisions about Zachary's medical care. Mediation between the parties is futile because they cannot deal with each other." The court concluded that "[t]he parties are not able to share legal responsibility for the child." The court made no reference to its consideration of the best interests factors or that its decision is in the child's best interests. See Shea v. Metcalf, 167 Vt. 494, 499, 712 A.2d 887, 890 (1998) (the broad discretion of the family court to fashion parental rights and responsibilities orders is limited to those that serve the child's best interests). The court also failed to explain what factors made mother the better parent to make medical decisions on behalf of Zachary. The family court has left us with no way to determine whether or how it applied the best interests factors, or how it reached its conclusion to award mother sole legal rights and

responsibilities. See *Nickerson v. Nickerson*, 158 Vt. 85, 88-89, 605 A.2d 1331, 1333 (1992) (conclusions of law must be supported by findings of fact and an explanation of how the court reached its decision).

Father next claims that the court erred in concluding that there had been a real, substantial and unanticipated change of circumstances to justify a modification of his parent-child contact schedule. See 15 V.S.A. §§ 664, 668. The court made the following findings on changed circumstances: the child "is now 10 years old, in school, involved in after-school activities, and not at home for most of the time on week days during the school year" and "[u]nder the terms of the Final Order, the defendant never spends an entire weekend with [the child] during the school year." The court concluded that there had been a real, substantial and unanticipated change of circumstances because the child's school schedule did not permit him to spend substantial amounts of time with his mother on weekdays during the school year. It noted that the current order had been entered when the child was an infant and at home with his mother all the time on weekdays.

In *deBeaumont v. Goodrich*, 162 Vt. 91, 97, 644 A.2d 843, 847 (1994) (internal quotation marks and citation omitted), a change of custody case, we noted "[t]here are no fixed standards for determining what meets this threshold," and that evaluation of "whether or not any given change is substantial must be determined in the context of the surrounding circumstances." We also recognized that the threshold decision for a motion to modify is discretionary and that, as a result, this Court must affirm unless the discretion was erroneously exercised, or was exercised upon unfounded considerations or to an extent clearly unreasonable in light of the evidence. *Id.* at 98, 644 A.2d at 848.

However, notwithstanding the great deference we afford the trial court in its exercise of discretion, the decision in this case is not supported by a "real, substantial and unanticipated change of circumstances." The court relied on events that preceded the amended order in deciding whether there were changed circumstances to support a modification. The court examined the changes in the child's schedule since the original divorce decree in 1992, when the child was an infant, rather than from the time of the amended order in 1996. Using this erroneous reference point, the court found that the main event triggering the change was the child's attendance at school which resulted in his no longer spending all his time with his mother on weekdays as he did when he was an infant. The parties, however, amended the final order when the child began attending school. The court's conclusion that an unanticipated change of circumstances permitted the requested modification, therefore, was erroneous.

Further, a child's maturation from dependent infant to increasingly autonomous and active school-aged child, rather than being unanticipated, is a welcome and expected fact of life. The mere change in the after-school schedule of a child, without more, should not be sufficient to permit recourse to the courts to rearrange parent-child contact schedules. We note that mother, in her motion to amend the contact provisions, also raises the fact that she is no longer employed outside the home and is living in a different location. Perhaps there were grounds to support a finding of changed circumstances. Unfortunately, they do not appear in the court's decision.

Finally, the court failed to make any findings or conclusions regarding the second part of the § 668 analysis, that the modified visitation schedule was in the best interests of the child. Absent any insight into the court's analysis, we will not affirm the modified parent-child

contact schedule. *Nickerson*, 158 Vt. at 88-89, 605 A.2d at 1333.

*Reversed and remanded.*

**Morse, J.,** dissenting. Because the record supports the award of sole legal parental rights and responsibilities concerning medical care to the mother, I would affirm on the understanding that the court ordered "legal parental rights and responsibilities" modified by granting medical care decision-making solely to mother. I would also affirm because the changes in the child's schedule since the modified order support the court's finding of changed circumstances regarding parent-child contact, and the court did not abuse its discretion in reducing father's weekend schedule.

Mother and father divorced in 1992 and shared joint legal rights and responsibilities for their one child Zachary, born in 1990. Mother was awarded sole physical rights and responsibilities. In 1996, based on a stipulation of the parties, the court amended the final order to allow father more parent-child contact during the summer and holidays. The amended order also awarded father parent-child contact during the school year every weekend, alternating one and two-day weekends. In March 2000, father filed a motion to enforce parent-child contact, and to amend the 1996 order to incorporate modifications to which the parties had agreed. Mother moved to modify the final order based on the parties' inability to cooperate regarding medical decisions and to minimize problems regarding parent-child contact. After hearing testimony from mother and father, the court granted mother's motion and modified the 1996 order as follows: the court modified father's school year parent-child contact schedule, eliminating his Friday overnight and Saturday contact during the alternate week, but awarding father one overnight every Wednesday. The summer schedule was also modified to allow the child to spend alternate weeks with each parent.

On appeal, father first contends the court erred in transferring sole legal custody to mother. Father claims there were no findings regarding whether the transfer of sole legal rights and responsibilities to mother would be in the best interests of the child. Father also claims that mother's motion was based solely on medical decision-making and that there was no evidence or findings to support a transfer of all legal rights and responsibilities to mother. Modification of a parental rights and responsibilities order is governed by 15 V.S.A. § 668. A court can modify a parental rights and responsibilities order upon a showing of real, substantial and unanticipated change of circumstances and if a modification is in the best interests of the child. *Id.* Read in context — that mother asked merely that medical care decision-making be transferred to her — the order is not so broad as the majority reads it. It is apparent from the wording of the order that the court was not awarding all parental rights and responsibilities solely to mother. If it did so intend, the language, "[s]he will make all routine decisions about his medical treatment" would have been unnecessary.

The court made specific findings regarding the parties' inability to make joint medical decisions. The court found that "[m]ediation between the parties is futile because they cannot deal with each other." Because the parties could no longer agree or communicate regarding issues affecting their child's medical care, the court was required to award sole legal rights and responsibilities to one parent. See *Shea v. Metcalf*, 167 Vt. 494, 499, 712 A.2d 887, 890 (1998) (where parties cannot agree or communicate, joint decision-making is not in the best interests of the child). The family court did not abuse its discretion in awarding sole legal rights and responsibilities regarding medical decisions to the

custodial parent, mother. Accordingly, I would affirm.

Father next claims no real, substantial and unanticipated change of circumstances occurred since the 1996 order that justified modification of his weekend parent-child contact. Father argues the court measured the change of circumstances from the original 1992 order, instead of the 1996 amended order. The family court supported its modification decision with the fact that the child's school schedule, including after-school activities, did not permit him to spend substantial amounts of time with his mother, that the child had previously spent his weekdays home with the mother, and that the current order was entered when the child was an infant. Although the last finding was incorrect, the change in the child's after-school schedule and decreased amount of time spent with mother are changed circumstances sufficient to warrant modification of the parent-child contact schedule. See *Circus Studios, Ltd. v. Tufo*, 145 Vt. 219, 222, 485 A.2d 1261, 1263 (1984) (Court may affirm trial court judgment upon grounds different from grounds stated by trial court).

The majority holds, however, that a child's maturation and resulting rise in activity level does not warrant a change in circumstances sufficient to modify parent-child contact. Under the majority's approach, a court cannot modify a visitation schedule to adapt to the child's changing activity level and needs. Instead, a court, the parties, and more importantly the child, must endure a schedule that although appropriate when the child was five, no longer works or serves the child's best interests. In this case, mother testified that she wanted a full weekend with her child in which to share family time. Mother testified that she has had little opportunity for such bonding time in the years she has been denied a full weekend with her child. The child's after-school schedule further limits mother's time and opportunity to bond with the child. I see no error in the court finding a change of circumstances sufficient to modify a change in the visitation schedule. Not to so find on this record would mean that visitation schedules that do not match a child's development would remain outmoded and unworkable.

Father's final argument is that there was no evidence that reducing his weekend schedule was in the child's best interests. Modification of a visitation order is within the discretion of the family court "and will not be reversed unless its discretion was exercised upon unfounded considerations or to an extent clearly unreasonable upon the facts presented." *Gates v. Gates*, 168 Vt. 64, 74, 716 A.2d 794, 801 (1998) (internal quotations and citations omitted). The family court modified the contact schedule so that each parent had a full weekend with the child. In addition, the court awarded father an additional weekday overnight. I see no abuse of discretion in allowing the child uninterrupted weekends with each parent and, thereby, eliminating transitions and opportunities for discord.

For the aforementioned reasons, I would affirm.