**In re C. E. E.**

[421 A.2d 1312]

No. 404-79

Present: **Barney, C.J., Daley, Larrow, Billings and Hill, JJ.**

Opinion Filed September 16, 1980

66

*John A. Rocray,* Windham County State's Attorney, and *Linda Levitt,* Deputy State's Attorney, Brattleboro, for State.

*Thomas F. Garrett,* Vermont Legal Aid, Inc., Burlington, for Defendant.

Per Curiam. On September 21, 1979, M. C. E. filed, pursuant to 18 V.S.A. § 7612(a), an application for involuntary treatment for her son C. E. E. The application was not accompanied by a certificate of a licensed physician, 18 V.S.A. § 7612(e)(1), but did contain a statement by the applicant that the proposed patient refused to submit to an examination by a licensed physician, 18 V.S.A. § 7612(e)(2). The application requested that the court order a psychiatric examination.

The then presiding district judge, without notice or hearing, ordered the proposed patient, C. E. E., to submit to an examination by a licensed psychiatrist, and further ordered the Windham County Sheriff's Department to transport him to the named psychiatrist's office for the purposes of such examination. C. E. E. was taken to the psychiatrist, examined and later released.

A hearing was held before a new presiding judge who concluded, based generally on testimony of the psychiatrist who had examined C. E. E., that the proposed patient

was a person in need of treatment, and granted the application for involuntary treatment. C. E. E. timely objected to the testimony of the psychiatrist, and assigns as error the refusal of the judge to sustain his objection to that testimony. He claims that since the order for an examination without notice or hearing was outside the authority of the first judge, the testimony based on information obtained during that examination was inadmissible during the hearing before the second judge. We agree.

Once an application for involuntary treatment is filed under 18 V.S.A. § 7612, the district judge is required to appoint counsel for the proposed patient, transmit to him a copy of the application, and give notice to interested parties of the prospective hearing. 18 V.S.A. § 7613. After the involuntary treatment proceedings have been commenced, the district court is empowered to authorize an examination of the proposed patient. 18 V.S.A. § 7614. However, while § 7614 provides that the court, upon motion, shall authorize an examination, it does not establish a procedure to implement the provision. Therefore, we must look elsewhere in the mental health law to determine the proper procedure for requiring a person to submit to an involuntary examination.

C. E. E. points to 18 V.S.A. §§ 7504 and 7505 as being the only provisions of our Vermont mental health law which authorize law enforcement officers to take a person into custody for the purpose of a psychiatric examination. And, as he further points out, neither is applicable. Section 7504 requires that a doctor's certificate accompany the application. Since no such certificate was filed with the application in the present case, this section was not applicable. Section 7505 permits a judge to order a person to submit to an immediate examination at a designated hospital if "a physician's certificate is not available without serious and unreasonable delay, and [there is] probable cause . . . to believe that the person is in need of an immediate examination." 18 V.S.A. § 7505(c). Section 7505(a) and (b) restrict, however, the issuance of such order to an application for a warrant prepared by a law enforcement officer or mental health professional. The application here was filed by C. E. E.'s mother, who is neither a law enforcement officer nor a mental health professional. Therefore, this provision was inapplicable.

18 V.S.A. § 7615(c) provides that the rules of civil procedure shall be applicable to the hearing contemplated by the involuntary treatment procedure. Presumably, those rules are also applicable to the prehearing discovery stages. V.R.C.P. 35(a), which applies to civil actions in the district court through D.C.C.R. 35, provides as follows:

> When the mental . . . condition . . . of a party . . . is in controversy, the Presiding Judge may order the party to submit to a . . . mental examination by a physician . . . . The order may be made only on motion for good cause shown and upon notice to the person to be examined and to all parties and shall specify the time, place, manner, conditions, and scope of the examination and the person or persons by whom it is to be made.

Pursuant to this rule, mental examinations are not to be granted as a matter of right. Notice must be given to the person sought to be examined, and the party seeking the order must show good cause. The proposed examinee must, of course, be given the opportunity to contest the matter. Furthermore, the good cause requirement is "not met by mere conclusory allegations of the pleadings—nor by mere relevance to the case—but require[s] an affirmative showing by the movant that each condition as to which the examination is sought is really and genuinely in controversy and that good cause exists for ordering each particular examination." *Schlagenhauf* v. *Holder*, 379 U.S. 104, 118 (1964). While the nature and extent of the hearing required for a contested motion under Rule 35(a) depends on the particular facts of a case, *id.* at 119, we believe that the facts of the present case required the district court to scrutinize carefully the State's request for a psychiatric examination. Because C. E. E. was neither given notice of nor an opportunity to be present at the hearing on the State's initial application for involuntary treatment, he was improperly committed for the psychiatric examination. Moreover, unlike the emergency procedures under 18 V.S.A. §§ 7504 and 7505, compliance with a court order under V.R.C.P. 35 is not achieved by taking the proposed patient into custody, but rather it is achieved by the imposition of coercive sanctions under V.R.C.P. 37.

Since the district court failed to comply with the strictures of V.R.C.P. 35 and 18 V.S.A. § 7613, the psychiatric examination was unlawful, and any testimony derived from that examination should have been excluded at the later hearing.

One final point should be noted. In its findings, conclusions and order, the district court recited that "[t]he evidence was received and taken in the light most favorable to the State, after considering modifying evidence . . . ." This is plain error. And, had the parties not agreed that this was mere boilerplate language that was improperly inserted by the district court, it alone would have required reversal, for that is an appellate standard, not a trial court standard. The trial court is obligated to weigh all the evidence objectively and impartially before reaching its decision.

*Reversed and remanded.*