## C.I.I. v. William Dalton, Commissioner of Mental Health, and Claudia A. Stone, Head of Hospital

[536 A.2d 542]

No. 87-463

Present: **Allen, C.J., Peck, Gibson,\* Dooley and Mahady, JJ.**

Opinion Filed October 30, 1987

Motion for Reargument Denied November 20, 1987

*Ginny McGrath* and *John D. Shullenberger*, Vermont Legal Aid, Inc., Waterbury, for Petitioner-Appellant.

*Jeffrey L. Amestoy*, Attorney General, Montpelier, and *Steven J. Kantor*, Assistant Attorney General, Waterbury, for Respondents-Appellees.

**Mahady, J.** This is an appeal from an order denying a petition for a writ of habeas corpus. The principal issue presented is whether an invalid warrant for an immediate examination under 18 V.S.A. § 7505 creates a jurisdictional defect as to subsequent involuntary treatment proceedings. We conclude that it does not and affirm the denial of the writ of habeas corpus.

The petitioner was taken into custody by the Brattleboro Police Department after he was discovered dropping items of personal property from a fourth floor window onto the sidewalk of Main Street. A mental health professional sought and obtained a

---

\* Justice Gibson was present at oral argument but did not participate in the decision.

warrant for an immediate examination despite the fact that the application was not accompanied by a physician's certificate although one was available without serious and unreasonable delay.

Upon being taken to a designated hospital, the petitioner was examined by a psychiatrist, who certified that the petitioner was a person in need of treatment. A second independent psychiatrist examined the petitioner and issued a similar certificate.

The Waterbury District Court subsequently conducted a hearing on an application for involuntary treatment. The petitioner received notice, attended the hearing and was represented by counsel. Following an evidentiary hearing, that court concluded that the petitioner was a person in need of treatment. A motion to vacate was heard and denied.

A petitioner for a writ of habeas corpus was thereupon filed in the Washington Superior Court. That court held that the warrant for immediate examination was jurisdictionally defective by reason of the lack of a physician's certificate and that all subsequent judicial proceedings were a nullity. The superior court, however, denied the petition and authorized continued custody to enable the State to initiate lawful commitment proceedings.

It is clear that the warrant for immediate examination was defective in that the application was not accompanied by a physician's certificate when one was available without serious and unreasonable delay. 18 V.S.A. § 7505(a). The petitioner claims, and the superior court concluded, that this defect was jurisdictional.

The only authority cited to support this position is *In re Allen*, 82 Vt. 365, 73 A. 1078 (1909). That case involved a mental health commitment by the probate court under a previous statute, P.S. §§ 3716-3718, 3753-3756 (1906). Under that statute, it was required that certification be made to the probate court by two legally qualified physicians. If the court found that the insanity of the person was thus certified with the formalities required by the statute, the court was required to issue an order for the removal of the person to the hospital for the insane. Under that primitive statutory scheme, this Court held that "[t]he presence of such a certificate . . . is essential for the jurisdiction of the judge of probate [because] [w]ithout it he has no power to determine the matters and things coming before him . . . ." *In re Allen*, 82 Vt. at 375, 73 A. at 1092.

The *Allen* Court correctly concluded that the lack of a certificate under the statute then in force constituted a jurisdictional

defect. The reason supporting its conclusion was sound: without such a certificate the probate judge could not make the determination which the law required the judge to make. However, under our modern statute concerning an application for involuntary treatment, 18 V.S.A. §§ 7611-7623, that reason no longer applies. A formal evidentiary hearing and findings are required. 18 V.S.A. §§ 7615, 7617. The lack of the certificate required by 18 V.S.A. § 7505(a) in no way precludes today's district court judge from making the determinations required to be made by law consistent with full due process.

No relevant authority has been called to our attention, nor have cogent policy arguments been advanced, which support holding the lack of a § 7505(a) certificate to be a jurisdictional defect. We decline to do so.

Therefore, the proceedings of the Waterbury District Court were not a nullity. The order of that court was not appealed. See, e.g., *In re C. E. E.*, 139 Vt. 65, 67, 421 A.2d 1312, 1313 (1980). The present order for treatment is valid.

The superior court was therefore correct when it denied the petition for a writ of habeas corpus. "This Court will affirm a judgment which is correct even if the grounds stated in support of it are erroneous." *Circus Studios, Ltd.* v. *Tufo*, 145 Vt. 219, 222, 485 A.2d 1261, 1263 (1984).

*Affirmed.*