*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2012-289

MARCH TERM, 2013

| | |
|---|---|
| Richard J. Fleming, Jr. | } APPEALED FROM: |
| | } |
| | } Superior Court, Windham Unit, |
| v. | } Family Division |
| | } |
| | } |
| Joni Fleming | } DOCKET NO. 187-7-07 Wmdm |

Trial Judge: Karen R. Carroll

In the above-entitled cause, the Clerk will enter:

Husband appeals from the denial of his request to modify spousal maintenance. He argues that the court erred in finding no real, substantial, and unanticipated change of circumstances. We affirm.

The parties divorced in October 2009 after twenty-six years of marriage. Husband was fifty-one years old at the time; wife was fifty. The parties have two grown children. At the time of the final divorce order, husband was president of Fleming Oil and Fleming Oil paid for many of the parties' personal expenses. Husband's monthly income was $8,101.42, including the benefit of a company car and dividend payments from his Subway franchises. Husband's monthly expenses were $7,759.33. Wife is a teacher. Her monthly income in 2009 was $5,120.81, and her monthly expenses were $8,298.72. The court ordered husband to pay wife $2,200 in monthly maintenance for life, with a yearly cost-of-living adjustment.

In February 2012, husband moved to modify his maintenance obligation, asserting that his present expenses far exceeded his income. Following a May 2012 hearing, the court denied husband's request, finding no real, substantial, and unanticipated change of circumstances. It made the following findings. Since the final divorce hearing, as anticipated, Fleming Oil sold many of its assets. All sale proceeds went to pay outstanding debts. In November 2011, the company sold its oil delivery division and the plumbing and heating division to Dead River Company, and husband has worked for Dead River Company since that date. Husband no longer receives his Subway dividend income. Husband reported monthly income of $7,382.78, which included his salary, car and cellphone expenses paid by his employer, and bank director fees. Husband's total income in 2011 was $104,041.27, including dividends. His total adjusted gross income in 2010 was $107,402. Husband claimed total monthly expenses of $8,234.24, including his maintenance payment.

Husband is remarried, and he rents a condominium in Massachusetts. Husband indicated that he paid all household expenses, vehicle expenses, insurance expenses, personal expenses, and credit card payments with no contribution from his new wife, who works as a pharmaceutical representative. The court found that husband's new wife paid for some groceries, some entertainment expenses, and a portion of vacation expenses. Husband and his new wife adopted a child in August 2011, and husband took a disbursement of $18,200 from his

401(k) for adoption expenses. Husband's new wife apparently pays for the child's nanny while husband pays for formula, diapers, and some medical expenses, totaling $800 per month. Husband continued to contribute to his retirement account.

Wife was also remarried, and she continued to work as a teacher. She earned $4,870 per month, and her total monthly income, including maintenance, was $7,209.31. The court found that, since the divorce, wife's standard of living had decreased. She had to sell the marital home, and now lives in a house with limited privacy and no pool, located in a less desirable area in Brattleboro. Wife could no longer afford cleaning help and now pays expenses that previously had been paid by Fleming Oil during the marriage, including home heating oil, uninsured health expenses, and property taxes. Wife's monthly expenses were $5,976 at the time of the hearing. Wife's new husband earned no income in 2011, and he used his savings to contribute to things like entertainment, dinners, and groceries. Currently, wife paid for her new husband's health insurance. He had agreed to reimburse her for the added amount of $1000, but he had not yet done so.

Based on these and other findings, the court concluded that husband's income had not changed enough since the final divorce order to warrant modification of spousal maintenance. It explained that, at the time of the final order, husband's monthly income was $8,101.42 and he earned a salary of $80,000 per year. His monthly expenses were $7,759.33. Husband also received certain other monetary benefits from Fleming Oil, which he no longer received. Husband's current monthly income was $7,382.78, computed on $75,000 in yearly salary. His current expenses were $5,978.26, not including his maintenance obligation. With maintenance included, his expenses were $8,234.24. The court found that a portion of husband's expenses related to the child care for a new member of his family starting after the final divorce order was issued. Without this expense, his total monthly expenses, including maintenance, would be $7,434.24, which was approximately $50 higher than his income. The court noted, moreover, that husband continued to contribute to his 401(k) account. Including the new child care expense, considering that husband's current wife was employed, the court found it likely that this amount could be made up each month with her assistance. Therefore, the court could not find that there had been a substantial change in husband's income to justify a modification of the spousal maintenance award.

The court reached a similar conclusion with respect to wife's financial circumstances. It explained that at the time of the final divorce hearing, wife earned $5,120.81 per month and her monthly expenses totaled $8,298.72, with a shortfall of $3,177.91 per month. Currently, wife earned $4,953.33 per month, and her monthly expenses were $5,976, leaving a shortfall of $1,022.67 per month. With maintenance, wife's monthly income was $7,209.31. While wife's financial circumstances had improved somewhat since the final divorce order was issued, the court had not awarded maintenance solely for financial reasons. In addition to allowing wife to meet her expenses, the award was issued in part to compensate wife for her contributions to the marriage. Thus, based on wife's current income and living circumstances, the court could not find that there had been a real, substantial and unanticipated change in circumstances with respect to wife. The court therefore denied husband's motion to modify spousal maintenance. Husband filed a motion to reconsider, which the court denied. This appeal followed.

Husband argues on appeal that the court should have found changed circumstances. He asserts that his income has declined, rather than increased, as the court had predicted at the time of the final divorce order, and he notes that he no longer receives the perks associated with his employment by Fleming Oil. Husband also maintains that the court erred by failing to consider his income and payroll tax obligations in calculating his expenses. According to husband, he is

mathematically unable to meet his maintenance obligation, and the court abused its discretion by failing to reduce his obligation to an amount that he could afford.

Before the court may modify a maintenance order, it must find a real, substantial and unanticipated change of circumstances. Taylor v. Taylor, 175 Vt. 32, 36 (2002). The party seeking modification bears the burden of proof. Mancini v. Mancini, 143 Vt. 235, 239 (1983). The court has discretion in deciding whether changed circumstances exist, and its decision will stand unless its "discretion was erroneously exercised, or was exercised upon unfounded considerations or to an extent clearly unreasonable in light of the evidence." Taylor, 175 Vt. at 36.

We find no abuse of discretion here. Husband essentially challenges the court's evaluation of the weight of the evidence, a matter reserved exclusively for the trial court. See Cabot v. Cabot, 166 Vt. 485, 497 (1997) ("As the trier of fact, it [is] the province of the trial court to determine the credibility of the witnesses and weigh the persuasiveness of the evidence."). The court recognized that husband's income had declined since 2009 and that he no longer received the perks previously provided by Fleming Oil. It compared husband's circumstances in 2009 with his present circumstances and concluded that the changes were not significant enough to constitute a real, substantial, and unanticipated change of circumstances. The fact that husband disagrees with the court's conclusion does not demonstrate an abuse of discretion. As we have repeatedly stated, "there are no fixed standards for determining" when changed circumstances exist, and the "evaluation of whether or not any given change is substantial must be determined in the context of the surrounding circumstances." Pigeon v. Pigeon, 173 Vt. 464, 466 (2001) (mem.) (quotation and alteration omitted).

While husband asserts that he cannot afford his current maintenance payment, the court concluded otherwise. It discounted husband's claimed expense of $800 per month for his new child, finding this expense unreasonable under the circumstances. In considering husband's other expenses, husband offered no evidence at the time of the hearing regarding his current and future tax obligations. Husband's actual tax burden in 2012 had not yet been ascertained and husband did not direct the trial court to other evidence to show his actual tax burden in 2012, nor did he explain why or if his tax burden had changed significantly since 2009, when he claimed $7759.33 in monthly expenses. The court also heard evidence that husband had chosen not to file a joint tax return with his new wife, thereby voluntarily imposing a higher tax burden on himself. The court could properly look to the 2010 and 2011 tax information provided by husband rather than rely on husband's speculations about his 2012 tax burden. Our decision in Braun v. Greenblatt does not compel a contrary conclusion. 2007 VT 53, ¶ 15, 182 Vt. 29 (finding error in court's use of a "formula" to calculate husband's maintenance award—a specific dollar amount plus tax consequences—because it forced husband to pay wife's obligation whatever it was and to whatever degree it fluctuated—regardless of husband's needs). Husband fails to show that the court abused its discretion in evaluating his past and present financial circumstances here.

We similarly reject husband's challenge to the court's evaluation of wife's circumstances. Husband argues that the court should not have concluded that wife's standard of living had decreased since the divorce. According to husband, the court should have given more weight to certain evidence—such as the fact that wife listed expenses for manicures and pedicures—and less to the fact that wife was living in a home with fewer amenities in a less desirable neighborhood. Husband maintains that the standard of living of both parties has declined and that neither could afford to live as they did while they were married. Husband also asserts that wife can meet her reasonable needs if his maintenance obligation is reduced to $1023 per

month.[*]  These arguments, like those discussed above, all rest on the court's evaluation of the weight of the evidence.  While husband believes that wife's financial circumstances have changed significantly, the court concluded otherwise.  The court provided reasonable grounds for its decision, including the fact that part of wife's award was compensatory, and we find no abuse of discretion.  Having found no change in circumstances, the court had no jurisdiction to reduce wife's award to what husband argues is a "reasonable" amount.

Affirmed.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
John A. Dooley, Associate Justice

_____
Marilyn S. Skoglund, Associate Justice

---

[*] As part of this argument, husband states that, if wife did not pay for her new husband's health insurance premiums, wife's monthly shortfall would be only $23.  While wife testified that she pays husband's share of the health insurance premium, with the understanding that he will reimburse her, her monthly health insurance premium, as listed in her financial affidavit, is $166.  This premium covers both parties, and the $1000 figure cited by the court refers to a yearly cost, not a monthly cost.

4